CATHERINE CURRY v. THE TOWNSHIP OF TAWAS.

*Liquor traffic—Payment of tax before approval of bond—Right of recovery from township.*

A liquor tax, paid before the approval of the required bond, cannot be recovered back from the township receiving it.

So *held*, where before such approval the payor commenced business, which was abandoned after a conviction for a violation of the law, and five years afterwards suit was brought against the township to recover the tax received from the county treasurer.

Error to Iosco. (Tuttle, J.) Argued May 16, 1890. Decided June 6, 1890.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Sibley G. Taylor* and *Henry & Cornville,* for appellant.

*William H. Simpson,* for defendant.

CAHILL, J. The plaintiff sued the defendant to recover

$300, and interest from April, 1882, paid by her to the county treasurer of Iosco county, for a liquor tax for the year ending May 1, 1883. The money was paid before the bond required by law to be given by persons intending to engage in the liquor business had been approved by the township board and filed with the county treasurer. The township board refused to approve the bond, and it was never filed. The plaintiff, disregarding the law which required her to file the bond before commencing business, began the sale of liquors at once after paying her tax, and continued to do so for some days, when she was prosecuted for violation of the law in not having filed a bond, and was convicted, whereupon she gave up the business. The money paid by plaintiff to the county treasurer was in due course paid over to the treasurer of defendant township, where, under the statute, it belonged.

The only evidence in the record relating to a demand by plaintiff for the repayment of this money was given by plaintiff's husband as follows:

"*Q.* You know this money has never been paid to your wife.

"*A.* It has not.

"*Q.* You have entire management of her business?

"*A.* Yes, sir.

"*Q.* Did you ask for the money?

"*A.* Yes, sir.

"*Court:* Whom did you ask?

"*A.* I asked Mr. North once.

"*Q.* Who is Mr. North,—who was he?

"*A.* He was supervisor that year. He was the first I spoke to about it, and the next was Mr. Zeiter, supervisor. They did promise to pay it back, and it ran along, and Mr. Taylor thought I would get it all right without having to go into court; and they did not know whether it was right to pay it back or not, or wait until they got an order from the court, and it has run on for four or five years now."

This suit was brought something over five years after the money was paid. The circuit judge who tried the case without a jury, held that the plaintiff could not recover, and we think rightly so. The plaintiff voluntarily paid this money as a tax she was legally bound to pay before engaging in the business of selling liquor. After paying it she commenced business, and only abandoned it because she was unwilling or unable to comply with the requirement to file a bond that was satisfactory to the proper authorities. There is no statute authorizing the repayment of money under such circumstances, and, without such a statute, it would be a gross breach of duty for the township board to assume to pay money out of the township treasury for any such purpose.

Money once voluntarily paid and lodged in a public treasury can only be paid out by warrant of law. If there be no law, there can be no payment. Any attempted payment, such as this would have been if made, would have been a misappropriation of public money, for which all persons concerned would have been personally liable to the municipality whose funds were used.

The judgment must be affirmed, with costs.

. The other Justices concurred.