BAY CITY BREWING CO. v. McDONELL.

LIQUOR TAX—PAYMENT IN INSTALLMENTS—GARNISHMENT.

While the payment of a liquor tax in installments is unauthorized (3 How. Stat. § 2283c7), a county treasurer to whom such payments have been voluntarily made, and who has turned the same into the treasury, cannot be garnished at the suit of a creditor of the payor, since the latter could not himself maintain an action to recover the moneys.

Error to Arenac; Sharpe, J.   Submitted June 6, 1895. Decided July 2, 1895.

Garnishment proceedings by the Bay City Brewing Company against Angus McDonell, as garnishee of Robert Donnelly. From a judgment for the garnishee defendant, plaintiff brings error.   Affirmed.

*Frank S. Pratt*, for appellant,

*Sanford E. Hayes (M. L. Courtright,* of counsel), for appellee.

GRANT, J. The principal defendant, Robert Donnelly, kept a saloon for the sale of intoxicating liquors in the township of Deep River, Arenac county, in 1893.   His tax was, of course, due May 1st, without the payment of which he was engaged in an illegal business.   Mr. McDonell, the county treasurer, testified that it was customary in that county to permit saloon keepers to pay the tax in installments; that he himself had kept a saloon, and paid in that manner.   It thus appears that the officers of that county permitted saloon keepers, including Donnelly, to carry on that business contrary to the express provisions of the law.   Donnelly made four payments, aggregating $200; the last one being made August 30th.   They were received into the treasury as liquor taxes, and before the garnishee summons was served

the treasurer had paid out this money according to the provisions of the law. Meanwhile Donnelly became indebted to the plaintiff, who sued him, and garnished the county treasurer.

It is claimed by the plaintiff that these payments in installments were illegal, and that, therefore, the treasurer did not hold the money so paid in his official capacity. The plaintiff has no greater right to this money than has Donnelly. Donnelly cannot sue to recover it. He paid it voluntarily into the treasury. He did not deposit it with the treasurer or his deputy, to be kept until the full sum was paid. Being voluntary, and having been deposited in accordance with the understanding of Donnelly, both he and his creditors are bound by such voluntary payment. *Curry* v. *Township of Tawas*, 81 Mich. 355.

Judgment affirmed.

The other Justices concurred.