232      RYAN v. HANDLEY.

Statement of Case.          [43 Wash.

[No. 6047.  Decided July 24, 1906.]

M. F. RYAN, *Appellant, v.* L. B. HANDLEY, *et al., Board of Fire Commissioners of the City of Spokane, Respondents.*[1]

MUNICIPAL CORPORATIONS—BOARD OF FIRE COMMISSIONERS—DISCHARGE OF FIREMAN—MISBEHAVIOR. The acts of a member of a fire department in failing to report on duty after his regular twenty-four hours off, failure to respond to a fire alarm, and in going to bed at the station without his night clothing in proper place, constitutes misbehavior sufficient to warrant his removal by the board of fire commissioners.

SAME—CHARGES—ADMISSION—EVIDENCE. Where charges preferred against a member of a fire department for misbehavior are admitted by him, and the only question then raised being whether his excuse offered was sufficient to exonerate him, no evidence is required to prove the charges.

SAME—EXCUSES—SUFFICIENCY—BY WHOM DETERMINED. Whether explanations and excuses offered by a member of a fire department are sufficient to exonerate him from charges preferred on account of alleged misbehavior, is a question to be determined by the board of fire commissioners.

APPEAL—BOARD OF FIRE COMMISSIONERS—REMOVAL OF FIREMAN—REVIEW BY COURT. A city charter providing that charges preferred against a member of a fire department shall be established to the satisfaction of the board of fire commissioners, and that such board shall be responsible for the efficient working of the department, clothes the board with discretionary power sufficient to preclude a review of a judgment removing a member for misbehavior, regularly obtained after opportunity to defend, where there is no claim that the board acted capriciously or fraudulently.

Appeal from a judgment of the superior court for Spokane county, Carey, J., entered October 31, 1905, in favor of the defendants, after a hearing before the court, dismissing an application for a writ of certiorari to review an order of the board of fire commissioners of the city of Spokane, discharging plaintiff from the fire department.  Affirmed.

*W. T. Stoll,* for appellant.

*J. M. Geraghty* and *Alex. M. Winston,* for respondents.

1Reported in 86 Pac. 398.

DUNBAR, J.—The appellant was a member of the fire department of the city of Spokane. On the 29th day of July, 1905, the captain of No. 1 station of the fire department preferred charges against him, (1) for failing to report on duty at 7 p. m., July 25, after his regular twenty-four hours off, and (2) for failing to respond to alarm from the Spokane Laundry, July 25, and for going to bed at station without his night clothing in proper place. The appellant was cited to appear before the board of fire commissioners and did appear, and admitted the charges made, but sought to excuse himself by showing what he deemed were extenuating circumstances. The board, however, were not satisfied with the explanations, and dismissed him from the department; whereupon he petitioned for a writ of review. In accordance therewith a temporary writ of review was ordered by the court and return made thereto. There was also a motion interposed by the respondents to dismiss the writ and the application, for the reason that the affidavit of the appellant failed to state facts sufficient to entitle him to any relief. Upon hearing that motion, the court dismissed the application and dismissed the action, and gave judgment against the appellant for costs. This appeal is taken from that order.

The assignments are that the court erred in dismissing the writ of review, in not granting the writ of review, and entering judgment against the appellant. The affidavit assailed by the motion, after setting forth the proceedings as we have indicated, charges that the acts and rulings of the board were illegal for the following reasons: (a) The charges preferred against the plaintiff do not constitute misbehavior, incompetency, or inefficiency; (b) there was no evidence to support the charges preferred or any other charges; (c) the only evidence offered was the uncontradicted testimony of plaintiff which fully exonerated plaintiff; (d) the plaintiff was removed from his employment and thereby deprived of his property without due process of law.

As to paragraph (a), it would seem that the charges preferred, if true, would constitute either misbehavior, incompetency, or inefficiency. As to the allegation that there was no evidence to support the charges preferred, the charges were admitted, and there was no necessity for any further evidence, the only question being whether the excuse offered by the appellant for the alleged omissions of duty was sufficient to exonerate him. It is said in paragraph (c) of the affidavit that these explanations fully exonerated the plaintiff. But that was a question to be determined, not by the plaintiff, but by the board of fire commissioners. Allegation (d), of course, is a pure conclusion of law. There is no allegation in this affidavit that the fire department refused to enter into an examination of the charges preferred, or that they capriciously and maliciously or fraudulently decided the issues against the appellant; and while, under some circumstances, the actions of boards of this kind might be reviewed, yet, when it is taken into consideration that the charter provides that in cases of this kind the charges shall be established to the satisfaction of the board, with the further provision that the board of fire commissioners shall be responsible for the efficient working of the department, we think that, when charges have been regularly preferred, opportunity given to defend against such charges, and the board has exercised its discretion in passing upon such charges, their judgment in that respect is not subject to review.

The judgment is therefore affirmed.

MOUNT, C. J., ROOT, CROW, HADLEY, RUDKIN, and FULLERTON, JJ., concur.