[No. 6490. Decided November 28, 1906.]

THE STATE OF WASHINGTON, *on the Relation of the City of Aberdeen et al., Appellant,* v. THE SUPERIOR COURT FOR CHEHALIS COUNTY *et al., Respondents.*[1]

INTOXICATING LIQUORS — LICENSE — MUNICIPAL CORPORATIONS — POWER TO REVOKE LICENSE—REVIEW. A city council has power, under Bal. Code, § 2934, giving it sole and exclusive authority to restrain or license the sale of intoxicating liquors, to arbitrarily revoke a license, the statute not providing for notice, hearing or method of finding the facts; hence the council's action is not subject to review by the courts.

SAME—PROHIBITION—To REVIEW REVOCATION OF LIQUOR LICENSE— ADEQUATE REMEDY BY APPEAL. Prohibition lies to prevent the superior court from reviewing the action of a city council in revoking a liquor license, since the action is legislative and not judicial, and since the action is discretionary and not subject to review; and the remedy by appeal is inadequate.

[1]Reported in 87 Pac. 818.

Application filed in the supreme court October 8, 1906, for a writ of prohibition. Granted.

*R. E. Taggart* (*Agnew & Israel*, of counsel), for relators.

*W. H. Abel*, for respondents. The revocation of a liquor license is the exercise of a judicial or *quasi* judicial power. Bal. Code, §§ 2934, 2935, 5741; *State v. Mayor of St. Paul*, 34 Minn. 250, 25 N. W. 449; *Union Pacific etc. R. Co. v. United States*, 99 U. S. 700, 25 L. Ed. 496; 4 Words & Phrases, pp. 1350, 3850; *Smith v. Strother*, 68 Cal. 194, 8 Pac. 852; *Board v. Northern Pacific R. Co.*, 10 Mont. 414, 25 Pac. 1058; *People ex rel. Deveny v. Jerome*, 73 N. Y. S. 306; *Merlette v. State*, 100 Ala. 42, 14 South. 562; *People v. Salsbury*, 134 Mich. 537, 96 N. W. 936. This case is analogous to those where public officers are removable for cause. *People ex rel. Kasschan v. Board*, 155 N. Y. 40, 49 N. E. 257; *People ex rel. Deveny v. Jerome, supra;* 23 Am. & Eng. Ency. Law (2d ed.), 442; *Fuller v. Ellis*, 98 Mich. 96, 57 N. W. 33; *Murdock v. Trustees*, 12 Pick. 244; *In Re Eaves*, 30 Fed. 21; *Todd v. Dunlap*, 99 Ky. 449, 36 S. W. 541; *People ex rel. Mayor v. Nichols*, 79 N. Y. 582; *People ex rel. Munday v. Board*, 72 N. Y. 445; *State v. Common Council of Duluth*, 53 Minn. 483, 55 N. W. 118; *Gilbert v. Board of Police*, 11 Utah 378, 40 Pac. 264; *Browne v. Gear*, 21 Wash. 147, 57 Pac. 359; *Lewis v. Bishop*, 19 Wash. 312, 53 Pac. 165. The revocation was not 'final but there is the right of review. *Gaertner v. Fond Du Lac*, 34 Wis. 497; *People ex rel. Healey v. Forbes*, 4 N. Y. Supp. 757; *Carlson's License*, 127 Pa. St. 330, 18 Atl. 8; *People ex rel. Kimball v. Haughton*, 41 Hun. 558; *Town Council of Lexington v. Sargent*, 64 Miss. 621, 1 South. 903; *Oskosh v. State*, 59 Wis. 425, 18 N. W. 324; *Deignan v. Board of License Com'rs*, 16 R. I. 727, 19 Atl. 332; Harris, Certiorari, § 742. The granting or refusal to grant a license may be the subject of a writ of review. *Morgan v. Orange*, 50 N. J. L. 389, 13 Atl. 240; *Rhode Island Society v. Budlong* (R. I.), 25 Atl.

657; *Hillsboro v. Smith,* 110 N. C. 417, 14 S. E. 972; *Murray v. Board of Supervisors,* 23 Cal. 493; *Dexter v. Town Council,* 17 R. I. 222, 21 Atl. 347; *Wulzen v. Board,* 101 Cal. 15, 35 Pac. 353, 40 Am. St. 17; *Browne v. Gear, supra; State ex rel. Latimer v. Henry,* 28 Wash. 38, 68 Pac. 368.

MOUNT, C. J.—This is an application for a writ of prohibition to prevent the superior court of Chehalis county from reviewing the action of the mayor and city council of Aberdeen in revoking a retail liquor license. It appears that the city of Aberdeen, on March 11, 1906, issued a retail liquor license to Simon Hoffman and W. L. McDonald, for the term of one year. Thereafter, in April, this license was, by the consent of the city, transferred to Art Burk and A. W. Jakobsson, who thereafter conducted a saloon in said city by virtue of said license, under the name of Jakobsson & Burk. On September 10, 1906, the city was notified by its police officers that the saloon conducted by Jacobsson & Burk was a disorderly place. On that same day a special meeting of the city council was called, and notice was issued by the city clerk and served upon the said Jakobsson & Burk, notifying them to "appear before the city council of the city of Aberdeen, Washington, at the council chamber of said city at the hour of 7:30 o'clock, p. m., Monday, September 10, 1906, and show cause why your saloon license shall not be revoked." This notice was served at about 4:30 o'clock of said day.

The said Jakobsson & Burk appeared at the meeting of the council, and by their attorney objected to the proceedings, upon the ground, that no charges in writing had been filed with the city council; that they had no knowledge of the nature of the purported charges; that the notice served upon them was insufficient; and that the council had no jurisdiction to revoke their license. The council, without passing upon these objections, proceeded to hear statements of certain per-

sons not under oath, and gave no opportunity to the said
Jakobsson & Burk to cross-examine such persons.  The coun-
cil thereupon adjourned until the next day, when a meeting
was held at which said Jakobsson & Burk were not present or
permitted to attend, and at which meeting a resolution was
passed revoking the said license, and notice thereof was im-
mediately given.  Thereupon the said Jakobsson & Burk filed
an affidavit in the superior court of Chehalis county, setting
out the facts substantially as above, and also alleging that
they had kept an orderly house and had in all things complied
with the terms of the license, and prayed for a writ of review.
On this showing a temporary writ was issued.  The city of
Aberdeen appeared in answer to the writ and moved to quash
the same, upon the ground that the superior court had no
jurisdiction to review the action of the mayor and city council
in revoking the license.  The superior court, on hearing this
motion, denied the same, whereupon the city of Aberdeen ap-
plied to this court for a writ of prohibition.

The question presented here is, has the superior court jur-
isdiction to review the action of the mayor and city council
of the city of Aberdeen in revoking a license to sell intoxi-
cating liquors?  We think the superior court has no juris-
diction.  The statute, Bal. Code, provides at § 2934 (P. C.
§ 5714), that,

"The mayor and council or other governing body of each
incorporated city, incorporated town, or incorporated village
in the state of Washington shall have the sole and exclusive
authority and power to regulate, restrain, license, or pro-
hibit the sale or disposal of spiritous, fermented, malt, or
other intoxicating liquors within the corporate limits of
their respective cities, towns or villages;" etc.

Section 2935 (P. C. § 5715), provides:

"In the granting the license authorized by this chapter
the proper authorities shall exact from each applicant a
bond in the sum of one thousand dollars, conditioned that
the applicant shall keep an orderly house, and will not sell

liquor to minors. He shall in case of violating the terms of the license forfeit the same, and be subject to the other penalties provided by law for illegal selling of spiritous, fermented, malt, or other intoxicating liquors; the authorities granting the license shall have full authority and power to declare it forfeited for the violation of any of the terms upon which it is granted."

It is claimed by the respondent that the provision that the authorities granting the license shall have full authority and power to declare the license forfeited for violation of any of the terms upon which it is granted makes the mayor and council a judicial or quasi judicial body, and that before such body may declare a forfeiture it must find, upon facts properly presented, that the terms upon which the license was issued have been violated. If the provision relied upon were supported by legislation providing rules or means by which the question of fact should be determined, the intention of the legislature would thereby be manifest, and it would then be clear that the legislature intended that, before a license might be revoked, the mayor and city council should find the facts which authorized it to revoke the license. In such case, of course, the mayor and city council would act judicially in determining the questions of fact. But it is conceded that there is no statute prescribing a procedure by which the mayor or council may determine these facts. Inasmuch as the mayor and council of the city are a legislative body and not judicial, and inasmuch as no rules have been enacted providing for a judicial determination of the questions of fact, and inasmuch as the mayor and city council are given the *sole and exclusive* authority and power to prohibit the sale and disposal of intoxicating liquors, we are of the opinion that the legislature intended that such facts should be taken notice of by that body without any formal hearing or trial. In other words, a resolution regularly passed declaring the forfeiture of a license granted by that body is a legislative act and not a judicial function. *Spring Valley*

*Water Works v. Bryant,* 52 Cal. 132; *Grider v. Tally,* 77 Ala. 422.

Such resolution is none the less legislative because the mayor and council may have to satisfy themselves that the state of facts exists under which they feel impelled to pass such resolution. The policy of a city, as of a state, is manifested by legislation, which is enacted by reason of facts or conditions which, in the minds of the law-making power, demand such legislation, which facts the legislative power takes notice of without judicial determination. But, assuming that the mayor and city council exercised a judicial function, we are still of the opinion that their action in this respect is not reviewable, especially as regards the jurisdiction or procedure adopted. Section 2934, *supra,* provides that the mayor and council of each incorporated city shall have the *sole and exclusive* authority and power to regulate, restrain, license or prohibit the sale of intoxicating liquors within the corporate limits of the city. This means that the city authorities are given a discretion in matters of this kind, which discretion is final and conclusive and therefore cannot be reviewed by the courts. *Ryan v. Handley,* 43 Wash. 232, 86 Pac. 398. In *Wallace v. The Mayor etc.,* 27 Nev. 71, 73 Pac. 528, 103 Am. St. 747, it was held, under a statute very much like ours, that the mayor and council may act *ex parte* and arbitrarily in matters of this kind, and that their act was not reviewable, and it was there said, quoting from note 2, § 363, of 1 Dillon on Mun. Corp. (4th ed.), that:

"Licenses to sell liquors are not contracts between the state and the person licensed, giving the latter vested rights, and partaking of the nature of contracts, but are merely temporary permits to do what would otherwise be an offense, issued in the exercise of police powers, and subject to the direction of the government, which may revoke them as it deems fit."

Many authorities are there cited. This seems to be the general rule .upon the subject.

We are therefore of the opinion that the superior court is without jurisdiction to review the action of the mayor and council in revoking the license, and inasmuch as there is no adequate remedy by appeal, the writ prayed for is therefore granted.

DUNBAR, HADLEY, CROW, and ROOT, JJ., concur.