[No. 7221. Decided April 11, 1908.]

THE STATE OF WASHINGTON, *on the Relation of the Town of Pasco, Plaintiff*, v. THE SUPERIOR COURT FOR FRANKLIN COUNTY, *Respondent*.[1]

STATUTES — IMPLIED REPEAL — INTOXICATING LIQUORS — LICENSE. Bal. Code, § 2934, conferring authority to regulate, license, or prohibit the sale of intoxicating liquors, is not impliedly repealed by the later act, Bal. Code, § 1011, subd. 10, conferring authority to license sales for the purposes of regulation and revenue.

INTOXICATING LIQUORS—LICENSE—REPEAL. The authority to grant a liquor license for the purposes of regulation and revenue includes the power to refuse a license or to restrict sales to a certain locality.

SAME—JUDICIAL REVIEW. The refusal of a liquor license by a town counsel is a legislative act not subject to judicial review or control.

Certiorari to review a judgment of the superior court for Franklin county, Zent, J., entered February 21, 1908, granting a writ of mandamus upon overruling a demurrer to the application for the writ. Reversed.

*Routhe & Hinman*, for relator.

*Lovell & Davis*, for respondent.

[1]Reported in 94 Pac. 1086.

PER CURIAM.—This is an original proceeding by writ of certiorari to review a final judgment of the superior court of Franklin county, directing the issuance of a peremptory writ of mandamus to compel the municipal officers of the town of Pasco to issue a retail liquor dealer's license to the relators and plaintiffs in the court below.

On December 20, 1907, H. J. Craven and A. F. Sylvester as relators and plaintiffs applied to the superior court of Franklin county for the writ to be directed to the defendants James McIntyre and others, as mayor, councilmen, and clerk of the town of Pasco, a municipality of the fourth class. In substance they alleged that they were proprietors of the Mint saloon, located on lot 3, block 4, of the town of Pasco; that a license had been granted to them on December 21, 1906, for one year; that they had conducted their saloon in an orderly and law-abiding manner, and without complaint from any source; that they had made legal application for a renewal of their license, authorizing them to continue their saloon business in the same locality; that the defendants had refused the same; that their refusal was not based upon any alleged misconduct of the plaintiffs; that the defendants contended it was intended for the promotion of better police regulation; that they were endeavoring to create a restricted district for saloons in a different locality; that the action of the defendants was fraudulent, oppressive, arbitrary, and taken for the purpose of injuring the property of the plaintiffs and advancing the values of other property, and that the refusal of a license would damage plaintiffs and compel them to close their saloon in their present place of business.

The defendants demurred to this application for the reasons that the court had no jurisdiction of the subject-matter of the action, and that the application did not state sufficient facts to constitute a cause of action. Their demurrer being overruled, they refused to plead further, whereupon the trial judge entered final judgment awarding the writ of mandamus to compel the defendants to grant a renewal of the saloon license to the plaintiffs in their present location, as prayed.

Bal. Code, § 2934 (P. C. § 5714), confers upon the mayor and council power to regulate, restrain, license, or prohibit the sale or disposal of intoxicating liquors within the corporate limits of the town of Pasco. The respondents, citing *Seattle v. Clark*, 28 Wash. 717, 69 Pac. 407, contend that this section, which was enacted in 1888, has been repealed by implication by subdivision 10 of Bal. Code, § 1011 (P. C. § 3523), subsequently enacted. Repeals by implication are not favored. In our opinion the case of *State v. Seattle*, 31 Wash. 149, 71 Pac. 712, disposes of this contention. Moreover, § 2934 has since been recognized by this court as an existing statute, in *State ex rel. Aberdeen v. Superior Court*, 44 Wash. 526, 87 Pac. 818. Were we to conclude, however, that § 2934 has been repealed by § 1011, yet subdivision 10 of the latter confers upon municipalities of the fourth class power to license the sale of intoxicating liquors for the purposes of regulation and revenue. Power to grant such a license includes power to refuse the same. The allegations of the application for the writ do not show that the municipal officers have exceeded their powers under either section above mentioned. They might at their election grant the license or refuse to do so. If they granted it, they had authority for purposes of regulation to direct that the business should be confined to a certain locality, and they have done nothing more. In adopting such restrictions and in granting or refusing a license, they were exercising legislative functions. It is a well-established principle of law that the courts will not inquire into the motives that may actuate municipal officers in the performance of such functions.

The case of *State ex rel. Aberdeen v. Superior Court, supra,* is controlling in this action. It was there held that an order of the city council revoking a liquor license previously granted was not the exercise of a judicial function, but was a legislative act which could not be reviewed by the courts. Following that decision, we hold that the original granting of a liquor license or its refusal is a legislative act not subject to

judicial review or control.  The courts cannot be called upon to determine when a liquor license shall or shall not be issued; nor can they, by writs of certiorari, mandamus, or other proceedings, review and control the action of the municipality or compel its officers to grant such licenses.  Any attempt to do so would be an unwarranted exercise of legislative functions under the guise of judicial action.

The judgment is reversed, and the cause remanded with instructions to dismiss the action.

FULLERTON, J., took no part.