[No. 7024. Decided April 20, 1908.]

ARNOLD KRUEGER, *Appellant*, v. THE TOWN OF COLVILLE, *Respondent.*[1]

INTOXICATING LIQUORS—LICENSE—REVOCATION — REFUNDING FEE. Under Bal. Code, § 2935, providing that a liquor license shall be forfeited, in addition to other penalties provided by law, in case the licensee sells liquors to minors, a town council may, without repayment of any portion of the unearned fee, revoke a license upon conviction of the licensee of selling liquor to minors.

SAME—FORFEITURE — CRIMINAL LAW — EXCESSIVE PENALTY. The forfeiture of a $750 liquor license, in addition to a fine and liability upon a bond, is not unconstitutional as excessive penalty for selling intoxicating liquors to a minor.

SAME—LICENSE—CONSTITUTIONAL LAW—DUE PROCESS. A license to sell intoxicating liquors is merely a temporary permit, and the forfeiture thereof for violation of law is not a deprivation of property without due process of law.

Appeal from an order of the superior court for Stevens county, Kennan, J., entered December 31, 1906, upon sustaining a demurrer to the complaint, dismissing an action to recover the unearned portion of a license fee upon revocation of a retail liquor license. Affirmed.

[1]Reported in 95 Pac. 81.

*Robertson & Rosenhaupt,* for appellant.

*Jesseph & Grinstead,* for respondent.

MOUNT, J.—The lower court sustained a general demurrer to the plaintiff's complaint and dismissed the action. The appeal is prosecuted from that order.

The complaint shows the following facts: On April 1, 1906, the town of Colville issued a liquor license to the appellant, authorizing him to retail intoxicating liquors in said town for the term of one year. Appellant paid the fee therefor, which was $750. Subsequently appellant was charged, under the statute, with the crime of selling intoxicating liquors to minors. He pleaded guilty to that charge, and was sentenced to pay a fine. The fine was paid. Thereafter, on June 1, 1906, the town revoked the license because of the conviction above stated, and declared the unearned portion of the license fee forfeited. The prayer is for $625, being the unearned portion of the license fee.

The question in the case is, may the town revoke the license under the circumstances set out and retain the unearned portion of the license fee. We think there can be no doubt upon this question. The statute provides:

"In granting the license authorized by this chapter the proper authorities shall exact from each applicant a bond in the sum of one thousand dollars, conditioned that the applicant shall keep an orderly house, and will not sell liquors to minors. He shall in case of violating the terms of the license forfeit the same, and be subject to the other penalties provided by law for illegal selling of spirituous, fermented, malt, or other intoxicating liquors; the authorities granting the license shall have full authority and power to declare it forfeited for the violation of any of the terms upon which it is granted." Bal. Code, § 2935 (P. C. § 5715).

It is clear from this statute that the town had power to forfeit the license. There is no statute in this state which authorizes the return of money paid for a liquor license revoked or forfeited, and it has been held that municipalities are not required to repay in such cases, especially where it is revoked

or forfeited by reason of an act of the licensee. *Parrent v. Little,* 72 N. H. 566, 58 Atl. 510; *Curry v. Township of Tawas,* 81 Mich. 355, 45 N. W. 831; *Melton v. Moultrie,* 114 Ga. 462, 40 S. E. 302; *Toman v. Westfield,* 70 N. J. L. 610, 57 Atl. 125. We think this rule is the correct rule, and that it applies to this case.

Appellant relies upon the case of *Pearson v. Seattle,* 14 Wash. 438, 44 Pac. 884, but that was a case where the city revoked the license because of a change in an ordinance passed after the license was issued, and the city by its own act rendered the license valueless. It will be readily seen that there is quite a difference between the facts there and the facts here. The rule applied there cannot justly be applied to this case, for the appellant here forfeited his license by his own act by violating not only the letter of his contract but also the law of the state in force when the license was issued.

Appellant contends that the statute above quoted imposes an excessive penalty and is therefore unconstitutional. He also argues that the appellant has paid the fine imposed by the court, and that he ought not to be liable upon his bond and in addition thereto forfeit the unearned license fee. He also argues that the revocation or forfeiture of the license is in conflict with the constitution, because it deprives the appellant of his property without due process of law. There is no merit in any of these contentions, and we shall not discuss them further than to say that we held, in *State ex rel. Aberdeen v. Superior Court,* 44 Wash. 526, 87 Pac. 818, in substance, that a license to sell intoxicating liquors is merely a temporary permit, and not a contract giving vested or property rights.

The lower court properly sustained the demurrer to the complaint, and the judgment appealed from is therefore affirmed.

HADLEY, C. J., ROOT, FULLERTON, and CROW, JJ., concur.