[No. 7471. Decided October 23, 1908.]

THE STATE OF WASHINGTON, *on the Relation of the City of Puyallup et al., Petitioners, Plaintiff,* v. THE SUPERIOR COURT FOR PIERCE COUNTY, *Respondent.*[1]

PROHIBITION—TO COURTS—WHEN LIES—INADEQUACY OF REMEDY BY APPEAL. The remedy by appeal is inadequate, and prohibition lies to prevent the superior court from proceeding to review the action of a city council on certiorari from the revocation of a liquor license, where it appears that the license would expire before the case could be heard on appeal (RUDKIN and FULLERTON, JJ., dissenting).

SAME—REMEDY BY CERTIORARI. Where the remedy by appeal is inadequate because the right would expire before an appeal could be heard, prohibition lies notwithstanding a remedy by certiorari, where the result would be the same whether determined on certiorari or prohibition (RUDKIN, J., dissenting).

INTOXICATING LIQUORS—LICENSE — REVOCATION — POWER OF CITY COUNCIL—REVIEW BY COURTS—PROHIBITION. Under Bal. Code, § 2934, conferring upon the city council the sole and exclusive authority and power to regulate, license, or prohibit the sale of spirituous liquors, the action of the city council in revoking a license without cause and refunding the unearned portion of the license fee is conclusive and not subject to review by the courts; nor is it restricted by Bal. Code, § 2935, authorizing the forfeiture and revocation of a license for violation of its terms, construing the two statutes together.

Petition for a writ of prohibition to the superior court for Pierce county, Clifford, J., filed in the supreme court July 6, 1908, to prevent a hearing in the superior court upon a writ of certiorari to review the revocation of a liquor license by a city council. Writ granted.

*M. F. Porter,* for petitioners.

*Leo & Cass,* for respondent.

DUNBAR, J.—On the 26th day of November, 1907, the city of Puyallup, acting through its mayor and city council, issued to William Meservey and George West, copartners, a

[1] Reported in 97 Pac. 778.

retail liquor license, for the term of one year. On the 10th day of June, 1908, the said city council by the affirmative vote of five of its councilmen, duly passed and adopted a resolution revoking all outstanding liquor licenses theretofore issued, and authorized the mayor and city clerk to refund to the holder of any license the value of the unexpired term thereof, and made said revocation to take effect on the 1st day of July, 1908. On the 30th day of June, 1908, said licensees appeared before the superior court of the state of Washington for Pierce county, and secured an order and writ of review from said court, requiring the city of Puyallup, petitioner here, to make complete returns to said court of the action of the petitioners, or any of them, in attempting or purporting to revoke the license aforesaid. The petitioners appeared before said court on the 3d day of July, 1908, and moved to quash said order and writ of review, and all subsequent proceedings had by said court, upon the ground that said court had no jurisdiction of the subject-matter upon which said application for writ of review was based. This motion was overruled, upon the ground that the city council was without authority to revoke an outstanding liquor license before the expiration thereof, except for cause. Hence, this petition for a writ of prohibition to prevent the superior court of Pierce county from proceeding in the cause.

Preliminary to the argument on the merits, there was some contention that the writ of prohibition should not issue. Since the decision in the case of *State ex rel. Townsend Gas & Electric Light Co. v. Superior Court*, 20 Wash. 502, 55 Pac. 933, we have uniformly held that litigants were not entitled to extraordinary legal remedies, whether the court was acting with or without jurisdiction, if there was a legal remedy by appeal. But the converse has been as uniformly held, viz., that such writs should issue if an appeal be not adequate. In this case it plainly appears that an appeal would not be an adequate remedy, for the reason that the license in question would expire before the case

could be heard on appeal. It was suggested that in such cases the petitioners should have applied for a writ of review, but the result would be exactly the same whether we determined the case on an application for a writ of review or prohibition. There is no occasion to have the record certified, for it is admitted that the only question sought to be brought before this court is the question of the construction of a statute, and the contention is over the form rather than the substance.

The principal case cited and relied upon on the merits of this case, viz., *State ex rel. Aberdeen v. Superior Court*, 44 Wash. 526, 87 Pac. 818, in which this identical question was involved, was determined by this court on a petition for a writ of prohibition. This case, we also think, determines the merits of this controversy. It is urged by the respondent, and was decided by the trial court, that the case was not in point, for the reason that the question in that case was the right of the court to review the action of the council in determining that facts existed showing a violation of the law by the saloon keeper, justifying a revocation of his license; but that in this case it is not the right of the city to inquire whether cause for revocation exists that is in issue; that the question is, did the city have power under the statute to revoke licenses without cause? It is conceded that the legislature might have conferred this arbitrary power upon the city council, but it is urged that it did not do so. Pierce's Code, §5714 (Bal. Code, § 2934), provides:

"The mayor and council, or other governing body of each incorporated city, incorporated town or incorporated village in the State of Washington, shall have the sole and exclusive authority and power to regulate, restrain, license or prohibit the sale or disposal of spirituous, fermented, malt or other intoxicating liquors within the corporate limits of their respective cities, towns or villages; provided, that the annual license fee for the sale of such spirituous, fermented, malt or other intoxicating liquors shall, in no instance, be less than three hundred ($300) dollars, or more than one thousand ($1,000) dollars, which said license fee shall be paid annually in ad-

vance to the treasurer of the city, town or village, who shall pay ten (10) per cent thereof into the general fund of the state treasury, and hand the remaining ninety per cent into the general fund of the city, town or village treasury."

Section 5715 (Bal. Code, §2935), provides:

"In granting the license authorized by this act, the proper authorities shall exact from each applicant a bond in the sum of one thousand (1,000) dollars, conditioned that the applicant shall keep an orderly house and will not sell liquors to minors. He shall in case of violating the terms of the license forfeit the same, and be subject to the other penalties provided by law for illegal selling of spirituous, fermented, malt or other intoxicating liquors; the authorities granting the license shall have full authority and power to declare it forfeited for the violation of any of the terms upon which it is granted."

It is insisted that, construing these two provisions together, it was the legislative intention to give the city council jurisdiction only for cause, and that the latter portion of § 5715 would be meaningless and unnecessary if the council had authority to revoke under the provisions of § 5714. This may be true, but unfortunately legislative expression is not always exact; it is frequently redundant and more or less tautological; and while a strict construction might suggest this inconsistency, on the other hand the construction contended for by respondent would render indefinite and uncertain the plain provisions of § 5714, which confers the sole and exclusive powers to regulate, restrain, license or prohibit. It is not authority to regulate under certain circumstances, or to restrain under certain circumstances, but the authority is absolute and unlimited, and it is evident that the legislature intended to refer the whole subject to the city council. This was the view expressed by this court in *State ex rel. Aberdeen v. Superior Court, supra,* where it was said that "§ 2934 (P. C. § 5714) provides that the mayor and council of each incorporated city shall have the sole and exclusive right to regulate, restrain, license or prohibit the sale of intoxicating liquors

within the corporate limits of their respective cities, towns, or villages. This means that the city authorities are given a discretion in matters of this kind, which discretion is *final* and *conclusive*, and therefore cannot be reviewed by courts."

The other questions discussed by the respondent in this case were answered in the opinion in the case above cited. Believing that it was not the intention of the legislature to split the jurisdiction, or divide the authority on matters of this character, but, on the contrary, to refer the whole subject-matter to one tribunal, we are of the opinion that the superior court is without jurisdiction to act in the premises; and the writ is therefore granted as prayed for.

HADLEY, C. J., CROW, MOUNT, and ROOT, JJ., concur.

RUDKIN, J. (dissenting)—The writ of prohibition "arrests the proceedings of any tribunal, corporation, board or person, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person." Bal. Code, § 5869.

"Where the inferior court has jurisdiction of the matter in controversy, prohibition will not lie. The writ does not lie to prevent a subordinate court from deciding erroneously, or from enforcing an erroneous judgment in a case in which it has a right to adjudicate, and it matters not whether the court below has decided correctly or erroneously; its jurisdiction of the matter in controversy being conceded, prohibition will not lie to prevent an erroneous exercise of that jurisdiction. The exercise of power which it is sought to prohibit must be wholly unauthorized by law. Mere errors or irregularities in the proceedings which do not go to the jurisdiction will not be considered upon the application for a writ of prohibition. The sole question is as to the jurisdiction of the inferior court to take the proposed action, and the merits of the action will not be considered. Even consent of parties will not authorize the court to determine the merits. The writ cannot be used as a process for the review and correction of errors in inferior tribunals. Relief must be sought in one of the appropriate proceedings provided by law for the correction of errors. The improper decision of a jurisdictional question is not ground

for the writ where the inferior court had jurisdiction to determine that question." 23 Am. & Eng. Ency. Law (2d ed.), p. 200 *et seq.*

Superior courts and their judges "shall have power to issue writs of mandamus, quo warranto, review, certiorari, prohibition and writs of habeas corpus, on petition by or on behalf of any person in actual custody in their respective counties." Const., art 4, § 6.

"A writ of review shall be granted by any court, except a police or justice court, when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law." Bal. Code, § 5741 (P. C. § 1396).

Jurisdiction is the power to hear and determine.

"The test of jurisdiction is whether the tribunal has power to enter upon the inquiry, and not whether its conclusions in the course of it were right or wrong." *Colton v. Beardsley*, 38 Barb. 29.

See, also, *Otis v. The Rio Grande*, 1 Woods 279; *Johnson v. Miller*, 50 Ill. App. 60; Van Fleet's Collateral Attack, p. 70 *et seq.*

"Jurisdiction of the subject-matter is power to adjudge concerning the general question involved. . . . It is the power to act upon the general, and, so to speak, the abstract question, and to determine and adjudge whether the particular facts presented call for the exercise of the abstract power." Per Folger, J., in *Hunt v. Hunt*, 72 N. Y. 217.

"A justice of the peace . . . has no jurisdiction to try a man for felony, or to sentence to the penitentiary. That is a subject-matter which is entirely outside of his jurisdiction. If he assumes to try a man for manslaughter, and sentences him to the penitentiary, he is proceeding in a direction which is entirely outside of the scope of his jurisdiction. On the

other hand, he may have jurisdiction of assaults and batteries, and does in most states. Suppose he proceeds to try a man charged with assault and battery, and suppose, in fact, the assault and battery was committed outside of the county over which his jurisdiction extends; then, although his judgment would be erroneous, and in excess of his jurisdiction, yet having jurisdiction of the subject-matter of assault and battery, and of the person of the defendant, it lies with him to determine whether such particular assault and battery comes within his jurisdiction; and his determination, though erroneous, ought not to subject him to an action for damages. He has jurisdiction of the subject-matter, and it is for him to determine whether the case is within his jurisdiction. He has the right to determine the question; and although he may determine wrongly,and although it may be a case which does not come within the limitation of his jurisdiction, and although he may have exceeded his authority, yet he had the power and the right to determine whether or no he had that jurisdiction, and it cannot be said to be a case wherein the entire subject-matter was outside of his jurisdiction." Per Brewer, J., in *Cooke v. Bangs*, 31 Fed. 640.

When an application for a writ of review is presented to one of the courts of this state, the court to which the application is made must determine at the threshold of the proceeding whether the inferior board or tribunal is exercising judicial functions, and whether it is exceeding its jurisdiction, or is acting illegally, or whether its proceedings are erroneous or void or not according to the course of the common law, and there is no appeal and no plain, speedy, and adequate remedy at law. In making such determination the court necessarily acts within its jurisdiction, and an erroneous decision of the questions thus presented for consideration will not oust the court of jurisdiction or render its judgment void. To hold that a court of general jurisdiction exceeds that jurisdiction every time it issues a writ or grants any other form of relief in an improper case or upon an improper showing, is to lose sight of all distinction between a want of jurisdiction and mere error in the exercise of jurisdiction. Such a holding

practically limits the term "jurisdiction" to the power to hear and determine rightly and without error.

When the application for a writ of prohibition was presented to this court, it was incumbent on us to determine whether the court below was acting without or in excess of jurisdiction, and will it be claimed that the jurisdiction of this court would be ousted by an erroneous decision of that question? It seems to me that, under the constitution and laws of this state, the superior court of Pierce county has unquestioned jurisdiction to issue a writ of review, and to determine any and all questions upon which the rightful issuance of such writ depends, and that mere error in the exercise of that jurisdiction cannot be corrected in a proceeding of this kind.

FULLERTON, J. (dissenting)—I am of the opinion that the remedy of the relator was by an appeal from the order of the superior court, not by seeking a writ of prohibition. For that reason I dissent from the order the majority directs to be entered.