[No. 10133.   Department Two.   July 15, 1912.]

J. L. Jaffe, *Respondent*, v. Pacific Brewing & Malting Company *et al., Appellants.*[1]

Intoxicating Liquors—Licenses—Transfer — Descent—Trover and Conversion—Property. A retail liquor license is property which passes to personal representatives on the death of the holder, as against third persons unlawfully converting the same to their own use, where the city charter and ordinances provides for transfers by and with the consent of the city council or to *bona fide* purchasers.

Appeal from a judgment of the superior court for Whatcom county, Kellogg, J., entered June 5, 1911, upon the verdict of a jury rendered in favor of the plaintiff by direction of the court, after a trial on the merits.   Affirmed.

*S. M. Bruce,* for appellants.

*Craven & Greene,* for respondent.

Mount, J.—During his lifetime, H. S. Kornfield was conducting a retail liquor business, in the city of Bellingham. The city had issued to him a retail liquor license in consideration of $1,000, authorizing the sale of liquors at his place of business from June 30, 1909, to June 30, 1910.   He conducted business under this license until January, 1910, when he died.   His widow was appointed administratrix of his estate.   This liquor license was scheduled as a part of the estate.   After the death of Mr. Kornfield, the Pacific Brewing & Malting Company, without the consent of the administratrix, took the license certificate from its place in the saloon and had it transferred by the city to the defendant Louis Kornfield.   Thereafter the administratrix, by authority of an order of the superior court in probate, sold at public sale the stock of goods on hand, including the liquor license, and the plaintiff became the purchaser at such sale.   Thereafter

[1]Reported in 124 Pac. 1122.

the plaintiff demanded a return of the license, which was re-
fused. He subsequently brought this action to recover the
value of the license and damages. Upon the trial of the case
to the jury, the court directed a verdict and entered a judg-
ment in favor of the plaintiff, for $354.15, the value of the
unexpired portion of the license. The defendants have ap-
pealed.

Several assignments of error are made; but the position of
appellant is that a liquor license is not property in the or-
dinary acceptance of the term, that it does not pass by de-
scent, and is not assets in the hands of an administrator, and
such administrator or successor in estate would not be au-
thorized to conduct business under such license. It is no
doubt true, as we have heretofore said, that a "license to sell
intoxicating liquors is merely a temporary permit, and not a
contract giving vested or property rights." *State ex rel.
Aberdeen v. Superior Court*, 44 Wash. 526, 87 Pac. 818;
*Krueger v. Colville*, 49 Wash. 295, 95 Pac. 81; *State ex rel.
Pasco v. Superior Court*, 49 Wash. 268, 94 Pac. 1086. The
right to conduct the business is personal to the licensee, and
does not pass upon his death to his administrators or assigns.
But this is true only as between the state or the licensor and
the licensee, and as to third persons when the statutes do not
permit transfers from one person to another.

"But where the statute recognizes the right of transfer
from one to another, and where the right is a valuable right,
capable of being surrendered and reduced to money, a differ-
ent rule prevails. In such cases the license or right to do
business becomes a valuable property right, subject to bar-
ter and sale. It is property with value and quality." *Deg-
ginger v. Seattle Brewing & Malting Co.*, 41 Wash. 385, 83
Pac. 898, 4 L. R. A. (N. S.) 626.

This latter rule prevails in this case, because the city char-
ter of Bellingham provides that "any license . . . may be
transferred by and with the consent of the city council, and
the rights given to the holder . . . shall inure to the person
to whom transferred." City Charter, § 96. A city Ordi-

nance, No. 70, also provides for a transfer of such license to a *bona fide* purchaser. It seems plain, therefore, that, as between the plaintiff and the defendants, the license was a valuable property right, and the defendants were liable for the value of the license which they had taken and converted to their own use without right, as much so as though they had taken the stock of goods on hand or any other property. It is conceded that the value of the unexpired portion of this license was the sum of $354.15, for which the court entered judgment. This is conclusive of the case, and it is therefore unnecessary to notice other points.

The judgment is affirmed.

CHADWICK, FULLERTON, ELLIS, and MORRIS, JJ., concur.