[No. 12801. Department One. January 5, 1916.]

ARMAND FERCOT, *Appellant*, v. THE CITY OF SPOKANE,
*Respondent*.[1]

INTOXICATING LIQUORS—LICENSES—FORFEITURE—REVIEW. The forfeiture of a city saloon license for misconduct is a matter within the discretion of the city authorities, not reviewable by the courts, and neither the discretion nor the guilt or innocence of the licensee can be tried out in a collateral proceeding.

SAME—LICENSES—FORFEITURE—RECOVERY OF FEE. Upon the revocation of a saloon license for cause, the licensee cannot, in the absence of statute, recover the unearned portion of the license fee, nor be heard to impeach his plea of guilty to a charge of violating the law.

Appeal from a judgment of the superior court for Spokane county, Pendergast, J., entered December 22, 1914, upon the pleadings, dismissing an action to recover the unearned portion of a license fee upon revocation of a liquor license. Affirmed.

*F. W. Girand*, for appellant.

*H. M. Stephens, Ernest E. Sargeant*, and *Dale D. Drain*, for respondent.

CHADWICK, J.—Appellant brought this action to recover a proportionate part of a saloon license, after a forfeiture by the city commission for misconduct in the use of his license and upon his plea of guilty to a charge that he had sold liquor on Sunday.

It is enough to say that this court has held that the forfeiture of a saloon license for misconduct is a matter so entirely within the discretion of the city authorities that the courts will not review their judgment. *State ex rel. Aberdeen v. Superior Court*, 44 Wash. 526, 87 Pac. 818; *State ex rel. Puyallup v. Superior Court*, 50 Wash. 650, 97 Pac. 778. Having held that a review may not be had directly, it

[1]Reported in 154 Pac. 139.

will follow as of course that neither the discretion of the council nor the guilt or innocence of the appellant can be tried out in a collateral proceeding.

This court has also held, and its holding seems to be in line with the decisions of other courts, that, in the absence of a statute or ordinance compelling it to do so, a city is not liable, at the suit of the licensee, for the return of the money paid for a liquor license where it has been revoked or forfeited for any cause which, to the council, seems sufficient. *Krueger v. Colville*, 49 Wash. 295, 95 Pac. 81.

The law is such that appellant cannot now be heard to claim, as he attempts to in this case, that the crime, if any, was induced by the agents of the city; that he was not guilty; that he plead guilty on the advice of counsel that the police justice would probably hold with the city, and it would be cheaper for him to do so than to stand upon his plea of not guilty; and that he has, at all times, obeyed the laws of the state and the ordinances of the city.

There was a time for appellant to try these questions. If convicted before the justice, he might have appealed to the superior court.

He has made his own record and is bound by it.

Affirmed.

MORRIS, C. J., MOUNT, ELLIS, and FULLERTON, JJ., concur.