[No. 17426.   Department One.   November 14, 1922.]

THE STATE OF WASHINGTON, *on the Relation of R. E. Reedhead, Appellant,* v. THE CITY OF OLYMPIA, *Respondent.*[1]

LICENSES (5)—MUNICIPAL CORPORATIONS (320, 325)—POOL HALLS —DENIAL OF LICENSE—POWERS OF CITY. The business of running a pool-hall is so fraught with injurious results that it is within the police power of a city to provide that an application for a license may be denied for cause deemed sufficient and without notice or hearing to the applicant.

MUNICIPAL CORPORATIONS (320, 325)—LICENSES—DENIAL OF RIGHT —REVIEW BY COURTS. Under such an ordinance, the decision of the council denying a license on the ground that the applicant was not of good moral character is final and cannot be reviewed by the courts.

SAME (320, 325)—LICENSES—APPLICATION. An applicant applying for a license to conduct a soft drink place and pool-hall, cannot complain of the denial of his application on the ground of his unfitness to conduct a pool-hall, in the absence of an application segregating the two.

Appeal from a judgment of the superior court for Thurston county, Wright, J., entered July 31, 1922, upon sustaining a demurrer to the complaint, dismissing an action to compel the issuance to relator of a license to conduct a pool room and soft drink establishment.   Affirmed.

*Vance & Christensen,* for appellant.

*Geo. R. Bigelow* and *William W. Manier,* for respondent.

MACKINTOSH, J.—An ordinance of the city of Olympia provides for the licensing of bowling alleys, pool and billard halls, and places of business where card playing and pool and billiard playing are carried

[1]Reported in 210 Pac. 371.

on, and where soft drinks and liquid refreshments are sold, a portion of the second section of that ordinance reading:

"Application shall be in writing and submitted to the city council; no license shall be issued to any person not of good moral character; and any holder of a license who shall be convicted of any violation of the city or state prohibitory ordinances or laws shall have his license forthwith revoked; provided, that the city council may at any time for cause deemed to it sufficient revoke any license issued by virtue of this ordinance." Ordinance No. 1550, § 2.

The licenses are operative for one year, beginning on July 1 of each year. In June, 1922, the relator made an application for pool room and soft drink licenses, which application was acted on on the 6th day of July, 1922, by the city council, which, without notice to the relator, passed a resolution denying the application for the reason that the relator is not a person of good moral character, by virtue of purported facts which were set forth in the body of the resolution.

Upon the service of this resolution, the relator began this action, seeking to compel the city council to issue him a license. To this petition a demurrer was sustained, and from the resulting judgment, the relator has appealed.

The only question which we will discuss here is the one as to the validity of the license ordinance.

Counsel for the relator calls our attention to, and relies upon, our decisions in *Seattle v. Gibson,* 96 Wash. 425, 165 Pac. 109; *State ex rel. Makris v. Superior Court,* 113 Wash. 296, 193 Pac. 845; and *Vincent v. Seattle,* 115 Wash. 475, 197 Pac. 618, as sustaining the argument that the ordinance is invalid for the reason that it establishes no standard of qualifications and provides for no notice or hearing, and allows the

city council freedom to exercise favoritism in granting licenses.

Upon an examination of these cases, it will be immediately noticed that they were cases dealing with businesses which were not in themselves injurious or harmful, and were such lawful businesses as it was not within the power of a city council to prohibit, but were such as were within the police power of the city to supervise and regulate. The first case dealt with a drug store, the second with a candy and soft-drink stand, and the third with a merry-go-round and Ferris wheel. But the case before us is one relating to the conduct of pool halls; a business which has been recently characterized by this court in *State ex rel. Sayles v. Superior Court,* 120 Wash. 183, 206 Pac. 966, as being a business so fraught with injurious results that it could not be classified as a non-prohibitable business, and that it is one of those businesses the allowing of which is a privilege and not a right. We have had occasion very recently—in the case of *Akasura v. Seattle, ante* p. 81, 210 Pac. 30, to attempt to make the distinction which is applicable here. This being the sort of business in which the relator seeks to engage, the questions which arose in the three cases cited by him can have no influence upon the decision of this case.

It is to be noticed that the question before us does not relate to the revocation of a license already granted, but that the situation here is concerned with the application for a license. In the *Sayles* case, *supra,* we sustained the right of a city council to refuse the renewal of a license already granted for a pool hall, and held that the court would not review the action of the council upon the application, nor consider the facts which were passed on by the city council in

arriving at its conclusion; and further held that the applicant was not entitled to notice or hearing on his application.

In the case of *State ex rel. Aberdeen v. Superior Court,* 44 Wash. 526, 87 Pac. 818, where this question seems to have originally arisen in ;this court, the question involved was the revocation of a license for the conduct of a saloon, the revocation having taken place without notice or hearing. This court there held that it would not review the city council's action; that the business was not a non-prohibitable business having no injurious tendency; and refused to hold that the power given by the law to the city council to forfeit the license was a grant of judicial or quasi-judicial power, and that, before the council could declare a forfeiture, it must find, upon facts properly presented, that the terms upon which the license had been issued were being violated. We said:

"If the provision relied upon were supported by legislation providing rules or means by which the question of fact should be determined, the intention of the legislature would thereby be manifest, and it would then be clear that the legislature intended that, before a license might be revoked, the mayor and city council should find the facts which authorized it to revoke the license. In such case, of course, the mayor and city council would act judicially in determining the questions of fact. But it is conceded that there is no statute prescribing a procedure by which the mayor or council may determine these facts. Inasmuch as the mayor and council of the city are a legislative body and not judicial, and inasmuch as no rules have been enacted providing for a judicial determination of the questions of fact, and inasmuch as the mayor and city council are given the *sole and exclusive* authority and power to prohibit the sale and disposal of intoxicating liquors, we are of the. opinion that the legislature intended that such facts should be taken notice of by

that body without any formal hearing or trial. In other words, a resolution regularly passed declaring the forfeiture of a license granted by that body is a legislative act and not a judicial function.''

Although we have no statutory provisions giving the ''sole and exclusive authority and power to prohibit'' the conduct of pool halls, the want of such statutes does not alter the rule, for the reason that the pool hall, being the character of place which this court has determined it to be, the sole and exclusive authority to prohibit it is the authority which the city council has to license or prohibit it, which is as great as the sole and exclusive authority which was granted by the state to the cities in the regulation of the erstwhile sale of intoxicating liquor. According to the case we are here reviewing, it was held that the city authorities ''are given a discretion in matters of this kind, which discretion is final and conclusive and therefore cannot be reviewed by the courts.'' Continuing, the court said—in this case of *State ex rel. Aberdeen v. Superior Court, supra*—that:

''In *Wallace v. Mayor etc.*, 27 Nev. 71, 73 Pac. 528, 103 Am. St. 747, it was held, under a statute very much like ours, that the mayor and council may act *ex parte* and arbitrarily in matters of this kind, and that their act was not reviewable, and it was there said, quoting from note 2, sec. 363 of 1 Dillon's on Mun. Corp. (4th ed.) that: 'Licenses to sell liquors are not contracts between the state and the person licensed, giving the latter vested rights, and partaking of the nature of contracts, but are merely temporary permits to do what would otherwise be an offense, issued in the exercise of police powers, and subject to the direction of government, which may revoke them as it deems fit.' Many authorities are there cited. This seems to be the general rule upon the subject.''

In *State ex rel. Pasco v. Superior Court*, 49 Wash. 268, 94 Pac. 1086, the court had before it a case where

saloon owners were making application for a new license which the city council had refused, the refusal not being based on any misconduct of the saloon keepers, but being in pursuance of an ordinance which restricted the operation of saloons to certain prescribed localities. The court held that the "original granting of a liquor license or its refusal is a legislative act, not subject to judicial review or control," and further, that:

"The courts cannot be called upon to determine when a liquor license shall or shall not be issued; nor can they, by writs of certiorari, mandamus, or other proceedings, review and control the action of the municipality or compel its officers to grant such licenses. Any attempt to do so would be an unwarranted exercise of legislative functions under the guise of judicial action."

*State ex rel. Puyallup v. Superior Court,* 50 Wash. 650, 97 Pac. 778, was a case arising upon the revocation of a liquor license without cause, the court sustaining that right, and held the discretion of the city council was final and conclusive and not subject to review.

The conduct of a pool hall having been classified by this court in the *Sayles* case, *supra,* as falling within the same category as the conduct of a saloon, the same rule is applicable, and must result in the refusal of the court to review the action of the city council, and to hold that the relator was not entitled to any notice or hearing upon his application for a license, and to refuse to investigate and determine whether the reasons which were assigned in the resolution denying the license were good and substantial reasons, or whether they were founded on hearsay and unreliable testimony, as is contended by the relator; and we say that it is a matter within the province of the city council, and its determination that the relator was not a

person of good moral character is binding and not subject to our interference.

If the action of the city council in revoking a license already in existence, without notice or hearing, and based upon reasons which the owners of the businesses assert do not, in fact, exist, will not be reviewed by the courts, then there would seem to be less justification still for the judicial review of the action of a city council in refusing to grant a license upon an original application.

Two minor questions are raised; one being that the relator had, prior to the application in June, 1922, been conducting a pool hall at the same location under a license. The fact remains, however, that we are here concerned with the application for a new license, and not with the question of the revocation of an old one. The situation does not differ from that presented by the *Sayles* case, *supra*.

The other question is that the business engaged in by the relator was partially that of a pool hall and partially the selling of soft drinks, and that the rule applicable to the pool hall situation is not applicable to the other part of the business. This is probably true, and the relator may be entitled to a license for the conduct of a soft drink place, but that is not what he is seeking here—his application covers both businesses and no segregation was asked for, and the city council was justified in denying the application as presented.

For the reasons above stated, the action of the trial court is affirmed.

PARKER, C. J., BRIDGES, HOLCOMB, and MITCHELL, JJ., concur.