Raymundo VILLARREAL, Appellant,

v.

Frank MORENO and Frank Moreno, Jr., Appellees.

No. 16819.

Court of Appeals of Texas, San Antonio.

April 6, 1983.

James M. Parker and Leonard J. Gittinger, Gittinger & Gittinger, San Antonio, for appellant.

Michael S. Karger, San Antonio, for appellees.

Before CADENA, Chief Justice, and CANTU and REEVES, JJ.

## OPINION

CADENA, Justice.

Appellant, Raymundo Villarreal, who filed this suit to recover for conversion of property, appeals from a judgment in favor of appellees, Frank Moreno and Frank Moreno, Jr. We affirm.

Appellant seeks to recover for conversion of a building permit, architectural plans and specifications for the construction of a residence, sewer and water tap charges and a water meter deposit. He challenges the trial court's holdings that the items in question are not property subject to conversion; that all permits, plans, specifications and drawings passed with the land from plaintiff to a third party; and that the plans, specifications, drawings and permits had no market value. Appellant complains, in effect, that such conclusions are not supported by admissible evidence and, in the alternative, that they are against the great weight and preponderance of the evidence.

On March 20, 1979, appellant obtained a building permit, at a cost of $167.00, to construct a two-story residence on Lot 1, Block 32 of the Demmer Tract in Port Aransas. The permit states on its face that it will become void if construction is not commenced within six months after the date of its issuance. On the same date appellant was to have water and sewer lines extended to the lot and tapped and to have a water meter installed. In connection with such applications appellant paid fees of $45.00 and $35.00. The water meter deposit of $35.00 is non-transferable. Subsequently, appellant paid an architect $800.00 to design the residential structure.

In May, 1979, appellant conveyed the lot in question to Demmer, who subsequently conveyed the property to appellees. In February, 1980, appellees obtained an "extension" of the building permit[1] and proceeded to construct a residence on the land. Appellees paid no fees for extension of the permit or to secure water and sewer services and the installation of a meter.

It is undisputed that the plans and specifications prepared by the architect for appellant were not used in the construction of appellees' residence. Such plans and specifications always remained in the possession of appellant, and although the same architect designed the residence ultimately built by appellees, he did so without reference to the original plans and specifications which he had prepared for appellant. There are no similarities in the design of the residence built by appellees and the plans and specifications which had been prepared for appellant. The original plans and specifications are still available for use by appellant whenever he desires to use them.

In order to establish a conversion, appellant had the burden of showing that appellees wrongfully exercised dominion or control over appellant's property to the exclusion of, or inconsistent with, appellant's rights. *Waisath v. Lack's Stores, Inc.,* 474 S.W.2d 444, 447 (Tex.1971).

It is clear that appellant has not been deprived of the use of the plans and specifications and that appellees made no use of such plans and specifications. There is no evidence of a conversion of such property. Nor is there any evidence of the conversion of the water and sewer tap charges and the meter deposit. Appellant admitted that the extension and tapping of the water and sewer lines and the installation of the water meter may have occurred before he conveyed the land to Demmer. Once the lines were installed, they became a part of the realty and recovery for their use is not by way of an action for conversion. *Rodriguez v. Dipp,* 546 S.W.2d 655, 658 (Tex.Civ.App.—El Paso 1977, writ ref'd n.r.e.). The same is true of the water meter deposit.

1. The application for extension, signed by Frank Moreno, is dated September 1, 1979. However, Moreno testified that he pre-dated the application at the suggestion of a city official. Appellant also testified that the extension was granted in February, 1970.

The building permit, by its very terms, expired on September 20, 1979, since appellant had not begun construction of the residence on or before that date. Appellant testified that it was the practice of the City to grant extensions of permits without requiring the payment of renewal fees, and that such extensions were granted as a matter of course. Appellant introduced no ordinance or municipal regulation authorizing the extension of expired permits, with or without payment of a renewal fee. Since we cannot take judicial notice of municipal ordinances and regulations, *City of Houston v. Freedman,* 293 S.W.2d 515, 519 (Tex.Civ.App.—Galveston 1956, writ ref'd n.r.e.), there is nothing in the record which indicates that appellant had any rights flowing from the expired building permit. The fact that a city official, for whatever reason, opted to, in effect, issue a free building permit to appellees in no way interfered with any legal rights of appellant. The trial court correctly concluded that appellant had not shown a conversion of the building permit by appellees.

*Jaffe v. Pacific Brewing and Malting Co.,* 69 Wash. 308, 124 P. 1122 (1912), which held that a liquor license is subject to conversion, is not in point. A liquor license is, under many state statutes, subject to transfer and sale on compliance with the application requirements for new licenses. Tex.Rev.Civ. Stat.Ann. art. 5221i (Vernon Supp.1982–1983). There is no indication in the record before us that a building permit is subject to barter and trade. Further, since the permit in this case had expired, appellant had no rights which he could transfer.

Since we have concluded that there is no evidence that any property of appellant was converted by appellees, we need not consider the question of whether there was any evidence to establish the market value of such property.

If it can be said that there was some evidence tending to prove appellant's cause of action, we also conclude, after examining all of the evidence in the record, that there was insufficient evidence to support any judgment in favor of appellant.

The judgment of the trial court is affirmed.