[No. 2811. Decided February 25, 1898.]

## THE CITY OF SEATTLE, *Appellant*, v. CHIN LET, *Respondent*.

CONSTITUTIONAL LAW — PROHIBITION OF LOTTERIES — MUNICIPAL COR-
PORATIONS — PENALTIES FOR MISDEMEANORS — PROSECUTIONS IN
NAME OF CITY — SCOPE OF PENAL ORDINANCES.

The constitutional provision (art. 2, § 24) that "the legislature
shall never authorize any lottery" is mandatory and self-execut-
ing and prohibitory of lotteries for any purpose, charitable or
otherwise.

The provision in Penal Code, § 139 (Bal. Code, § 7259), per-
mitting lotteries for charitable purposes, although enacted prior
to the framing of the constitution, falls within the constitutional
prohibition against lotteries, and is therefore invalid.

Where a state law merely prescribes the maximum penalty for
the punishment of misdemeanors at a fine of $500 or imprisonment
for not more than one year and specifies no minimum penalty, a
city ordinance fixing a minimum penalty of $20 for the punish-
ment of like offenses does not conflict with the constitutional pro-
vision that city charters shall be subject to the control of general
laws, nor with the charter provision that punishment for viola-
tion of the penal ordinances of the city "shall in no case exceed
the punishment provided for oy the laws of the State of Wash-
ington for misdemeanors."

Prosecutions for the violation of municipal ordinances may
properly be conducted in the name of the municipality, as the
constitutional provision requiring all prosecutions to be conduct-
ed in the name of the state applies only to those instituted on
account of the violation of the general laws of the state, and has
no application to the infraction of municipal ordinances.

Where a city is by its charter expressly authorized to provide
by ordinance for the punishment of all practices dangerous to
public safety or health and make all regulations necessary for
the preservation of public morality within its limits, it is not
restricted in defining offenses of that character to the exact scope
of state laws upon like subjects.

Appeal from Superior Court, King County.—Hon.
ORANGE JACOBS, Judge. Reversed.

*John K. Brown, F. B. Tipton,* and *Z. B. Rawson,* for appellant.

*William Parmerlee, (Hart & Parmerlee,* of counsel), for respondent:

The ordinance disregards a statutory exception and does not contain same. *Canton v. Nist,* 9 Ohio St. 439; *Thompson v. Mt. Vernon,* 11 Ohio St. 688.

The ordinance increases the minimum penalty provided by state law, and conflicts with provisions of the state constitution and of the city charter of Seattle. *Town of Petersburg v. Metzker,* 21 Ill. 205; *Ex parte Solomon,* 91 Cal. 440; *In re Ridenbaugh,* 49 Pac. 12; *Heinssen v. State,* 23 Pac. 995; *In re Ah You,* 25 Pac. 974 (22 Am. Rep. 280, 11 L. R. A. 408); Black, Interpretation of Laws, 116 *et seq.*

The ordinance attempts to enlarge signification of words of our statute law, making that unlawful which, without the enlargement, would be lawful. *Kennedy v. People,* 49 Pac. 373; *Bernheimer v. Leadville,* 14 Colo. 520; *Davenport v. Rice,* 75 Iowa, 74 (9 Am. St. Rep. 454); *Emmons v. Lewiston,* 132 Ill. 380 (22 Am. St. Rep. 540, 8 L. R. A. 328); *Chicago v. Hulbert,* 118 Ill. 636 (59 Am. Rep. 400).

The opinion of the court was delivered by

GORDON, J.—Respondent was prosecuted in the municipal court, of the city of Seattle, for violating the ordinance of that city relating to lotteries. The section of the ordinance in question is as follows:

" Section 11.   Whoever shall maintain or run, or be in any manner connected with, any lottery or any establishment or business, by whatever name it may be known, wherein any property is sold or disposed of by chance, or whoever shall, within the city, sell or dispose of any lottery ticket or share either for religious or secular purposes, or

any chance, or any article or thing entitling or purporting to entitle, the purchaser to any chance, or whoever shall, within said city, sell or dispose of any package or article purporting to contain a prize, or where, as an inducement to purchase, it is held out that such article or package may contain a prize or may entitle the purchaser to some article or thing of value not directly contemplated and known in the purchase shall, on conviction, be fined not less than twenty dollars nor more than one hundred dollars for each offense."

From a judgment of conviction he appealed to the superior court and therein filed a general demurrer to the complaint. The superior court sustained the demurrer and discharged him and the city has appealed.

The first contention of the respondent is that the ordinance in question disregards a statutory exception and does not contain the same. Section 139 of the Penal Code (Bal. Code, § 7259) upon the subject of lotteries contains an exceptive provision as follows:

" Provided, that nothing herein contained shall apply to any lottery for charitable purposes."

Appellant urges that this proviso conflicts with art. 2 of § 24 of the constitution of the state, which is as follows: " The legislature shall never authorize any lottery . . ." The proviso in § 139, *supra*, must be interpreted by the same rule that would govern if it had been enacted after the adoption of the constitution. The language of the constitution is mandatory and the provision is self-executing. The question naturally suggests itself, if lotteries for charitable purposes may be lawfully conducted and permitted, why may not lotteries for any other purpose? We think that the constitutional provision admits of no exception in favor of lotteries for charitable purposes or for any other purpose.

2. The next position advanced by respondent, in support of the demurrer, is that the ordinance increases the minimum penalty provided by the state law for the same offense, and conflicts with the charter of the city and the constitution of the state. Section 36 of article 4 of the charter of 1890 provides that the council shall have power by ordinance,

" To provide for the punishment of all disorderly conduct and of all practices dangerous to public safety or health, and to make all regulations necessary for the preservation of public morality, health, peace and good order within its limits, and to provide for the arrest, trial and punishment of all persons violating any ordinance of the city; but *such punishment shall in no case exceed the punishment provided for by the laws of the state of Washington for misdemeanors.*"

And the constitution (§§ 10 and 11 of art. 11) provides in substance that charters of cities or towns shall be subject to the control of general laws. It is contended that inasmuch as the minimum punishment provided for a violation of the ordinance is a fine of $20, that it exceeds the minimum punishment prescribed by law (§ 139, *supra*,) for the same offense. We think the position is not well taken. Section 301 of the Penal Code (Bal. Code, § 7435), provides that punishment for misdemeanors shall not exceed a fine of $500, or imprisonment in the county jail for not more than one year. It fixes a maximum, but does not specify a minimum punishment, and the requirement of the charter is only that the punishment shall in no case "*exceed* the punishment provided by the laws of the state of Washington for misdemeanors." *Seattle v. Pearson*, 15 Wash. 575 (46 Pac. 1053).

3. It is also urged by respondent that § 27 of art. 4 of the constitution, requires all prosecutions to be conducted in the name of the state of Washington, and therefore the

present action cannot properly be prosecuted in the name of the city of Seattle. We think the "prosecutions" referred to in § 27, *supra*, are prosecutions for the violation of the general laws of the state, and that that section does not apply to prosecutions for the infraction of town or city ordinances. *City of Davenport v. Rice*, 75 Iowa, 74 (39 N. W. 191, 9 Am. St. Rep. 454); *City of St. Louis v. Vert*, 84 Mo. 206); *City of Mankato v. Arnold*, 36 Minn. 62 (30 N. W. 305).

4. Lastly, it is urged that the ordinance attempts to enlarge the terms of a state law upon the subject of lotteries (139, *supra*), and to make that unlawful which is not unlawful under § 139. It is urged that the words of the ordinance, "be in any manner connected with a lottery," are not included in the state law upon the same subject, and that therefore the ordinance is invalid. The cases cited by respondent do not sustain his contention. In *Kennedy v. People*, 9 Colo. App. 490 (49 Pac. 373), it was held that the general statute of Colorado which authorizes towns "to license, tax, regulate, suppress and prohibit" *peddlers*, empowers them to exact a license from such persons only as are peddlers within the general signification of the word, namely, "a peddler is a trader who carries with him the goods which he sells," and that an ordinance attempting to enlarge the signification was to that extent void. The other cases cited are to the same effect, and they are not in point.

The charter of the appellant expressly authorizes the council to provide, by ordinance, for the punishment "of all practices dangerous to public safety or health," and "for the preservation of public morality" within its limits, subject only to the limitation that the punishment provided must not exceed that provided by the state law for misdemeanors.

We think that the city had authority to pass the ordinance in question, and that it was within the powers conferred by the charter and general law of the state. The reasoning of the respondent would lead to the conclusion that the council in drafting ordinances defining offenses committed within the limit of the city should be restricted to the particular offenses created by the general law of the state, and also to the particular words and terms used by the legislature in defining such offenses. We think the right of the city to enact the ordinance in question was in nowise affected by the existence of § 139, *supra*.

We regret that counsel for the city have not seen fit to furnish us any brief or argument, or cite any authorities upon any of the questions noticed in this opinion, excepting the first one discussed herein, and we have been put to the labor of hunting for the authorities. It is always unsatisfactory to a court to be obliged to determine important questions which are presented and discussed in the brief of one of the parties only. Questions determined while laboring under such a disadvantage ought not to be considered as decisive—at least not as to future cases in which the same questions may arise.

The judgment must be reversed, and the superior court directed to overrule the demurrer.

DUNBAR and ANDER, JJ., concur.