[No. 8452.  Department Two.  March 21, 1910.]

THE STATE OF WASHINGTON, *Respondent*, v. S. HAGIMORI, *Appellant*.[1]

MUNICIPAL CORPORATIONS — POWERS — PENAL ORDINANCES — CONFLICT WITH STATE LAWS. An ordinance providing a punishment for leasing a gambling house by fine not exceeding $300, or imprisonment not exceeding three months, is within the powers of a city of the third class, notwithstanding a state law on the same subject (Rem. & Bal. Code, § 2925) authorizing a fine for substantially the same act in a sum not exceeding $100, in view of Rem. & Bal. Code, § 7685, authorizing the city to pass ordinances not in conflict with the laws of the state and to impose fines and penalties for the violation of ordinances not exceeding $300, or three months imprisonment.

CRIMINAL LAW — JUSTICE OF THE PEACE — JURISDICTION — ORDINANCE — VIOLATION — STATUTES — AMENDMENT. Under Laws of 1901, p. 34, ch. 35 (which amended Bal. Code, § 4683), providing that the jurisdiction of justices of the peace over misdemeanors shall be concurrent with the superior courts except that the fine shall in no event exceed $100, and adding at the end of the section that justices shall have jurisdiction over all criminal cases coming under any city ordinance, a justice of the peace is not limited to a fine of $100 in cases coming under city ordinances, especially in view of the fact that the act of 1901 simply amended Bal. Code, § 4683 by omitting therefrom an express limitation to that effect.

[1]Reported in 107 Pac. 855.

SAME—TRENCHING UPON SUPERIOR COURT — CONSTITUTIONAL LAW. An act conferring upon justices of the peace jurisdiction to impose a fine not exceeding $300 for violation of a city ordinance against the lessor of a gambling house, when the state law on the same subject limited the superior courts to a fine of $100, does not trench upon the jurisdiction of the superior courts, in violation of Const., art. 4, § 10, in view of Const., art. 4, § 6, conferring jurisdiction upon justices in all cases of misdemeanors not otherwise provided by law.

CRIMINAL LAW — APPEALS —'JURISDICTION — TRIAL DE NOVO—NEW SENTENCE. Upon appeal from a municipal court in a prosecution for the violation of a city ordinance, there is a trial *de novo* and judgment on the last conviction, authorizing the superior court to enter a greater fine than that imposed by the lower court.

Appeal from a judgment of the superior court for Kitsap county, Yakey, J., entered July 31, 1909, upon a trial and conviction of leasing a gambling house. Affirmed.

*Peters & Carr*, for appellant.
*John A. Best, Jr.*, for respondent.

PARKER, J.—This is a prosecution by the city of Bremerton for a violation of one of its ordinances. Ordinance No. 43, provides:

"Any . . . lessor of any gambling house, or any place where gambling is carried on or permitted . . . shall be fined in any sum not exceeding three hundred dollars, nor less than ten dollars, or imprisoned in the town jail not exceeding three months, or both said fine and imprisonment. . ."

The defendant was charged with the violation of this ordinance, and upon conviction before the police justice of the city, was fined $100, from which he appealed to the superior court for Kitsap county. Upon a trial *de novo* in the superior court, he was again convicted and fined $150, from which he has appealed to this court.

As we understand the several contentions of learned counsel for appellant, they may be reduced to the following: (1) That the ordinance is void; (2) that the police justice was without jurisdiction; and (3) that the superior court in no

event had jurisdiction to fine appellant a greater sum than he was fined by the police justice.

It is argued that the ordinance is void because it provides for the punishing of the doing of acts which are punishable under the general law of the state. We are cited to § 2925 of Rem. & Bal. Code where substantially the same acts are made punishable by a fine not exceeding $100. The power of cities of the third class, to which class Bremerton belongs, to enact ordinances of this nature is found in Rem. & Bal. Code as follows:

"Sec. 7685. The city council of such city shall have power,

"(1)   To pass ordinances not in conflict with the constitution and laws of this state or of the United States; . . .

"(16)   To impose fines, penalties and forfeitures for any and all violations of ordinances, and for any breach or violation of any ordinance to fix the penalty by fine or imprisonment, or both, but no such fine shall exceed three hundred dollars nor the term of such imprisonment exceed the term of three months; . . .

"(21)   To make all such ordinances, by-laws, rules, regulations and resolutions, not inconsistent with the constitution and laws of the state of Washington, as may be deemed expedient to maintain the peace, good government and welfare of the corporation and its trade, commerce and manufactures, and to do and perform any and all other acts and things necessary or proper to carry out the provisions of this chapter, and to exact and enforce within the limits of such city all other local, police, sanitary and other regulations as do not conflict with general laws."

We think by this grant of power under our former decisions the city was authorized to enact this ordinance, notwithstanding it made punishable certain acts which are also punishable under the general law of the state, and that the city was not required to make the punishment within the limit of that prescribed by the general law. It could fix the punishment at any amount of fine or term of imprisonment within the limits prescribed by subd. 16 above quoted. *Seattle v. Chin Let*, 19 Wash. 38, 52 Pac. 324; *Seattle v. MacDonald*,

47 Wash. 298, 91 Pac. 952, 17 L. R. A. (N. S.) 49. The only contention here made is that the subject-matter of this ordinance was outside of the ordinance-making power of the city, because of the state law upon the subject, not that it would be outside the police power of the city under the general grant of power above quoted, in the absence of the state law making such acts punishable.

It is further contended that the police justice had no jurisdiction to entertain a prosecution under this ordinance, because the extreme punishment therein prescribed was beyond his jurisdiction. The argument proceeds upon the theory that the jurisdiction of a police justice and the jurisdiction of a justice of the peace were, at the time of the prosecution, concurrent and equal, so far as prosecutions under city ordinances were concerned. We refer to the jurisdiction of justices of the peace as it existed at that time, because since then by Laws 1909, p. 377, § 1 (Rem. & Bal. Code, § 46), the jurisdiction of justices of the peace has been changed. The jurisdiction of police justices, which is defined by Rem. & Bal. Code, § 7700, and the jurisdiction of justices of the peace existing at the time of this prosecution, was defined by Bal. Code, § 4683, as amended by Laws of 1901, p. 34, ch. 35. These provisions lend support to the view that the extent of the jurisdiction of police justices and justices of the peace was the same as to prosecutions under city ordinances. We will therefore assume, without deciding, that to be the case, and that Laws 1901, p. 34, ch. 35, controlled the extent of that jurisdiction. It is there provided:

"That section 4683 of Ballinger's Annotated Statutes and Codes of Washington, relating to the criminal jurisdiction of justices of the peace, be and is hereby amended to read as follows: Section 4683. The jurisdiction of justices of the peace in criminal prosecutions shall be co-extensive with their respective counties, and they shall have concurrent jurisdiction with the superior courts in all misdemeanors, but in no event shall they impose a fine to exceed one hundred dollars, or sentence a person to jail for a period longer than thirty-

three days, and where the offense is one that is punishable
by both a fine and imprisonment, the period of imprisonment
at the rate of three dollars per day for each day of the sen-
tence and the fine, shall not together exceed one hundred dol-
lars but if any fine imposed is not paid with costs, then the
person shall be imprisoned until such fine and costs are paid
at the rate of three dollars per day for each day confined
and the justices of the peace shall have jurisdiction over all
criminal cases coming under any city or town ordinance."

It is argued that this amendment limits the power of jus-
tices of the peace to punishment by fine not exceeding $100,
or imprisonment not exceeding thirty-three days in cases of
this kind.   This argument is somewhat plausible, when we look
only to the provisions of that amendment; but by referring to
§ 4683 which is thereby amended we find that its concluding
words conferred jurisdiction upon justices of the peace, "Over
all criminal cases coming under any city or town ordinance,
and on conviction shall have power to fine the person so
offending in any sum not exceeding $100."   It will be noticed
this limitation upon the extent of the fine and imprisonment in
connection with ordinance cases is omitted from the amend-
ment.   This circumstance, together with the fact that cities
of this class were clearly given power to provide for a greater
punishment, and the fact that the law contemplated the pro-
secution of all violations of city ordinances either before a
police justice or a justice of the peace, leads us to conclude
that the limitations found in the part of the amendment of
1901, preceding the giving of justices jurisdiction over cases
coming under city ordinances without qualification, does not
apply to their jurisdiction in such city ordinance cases.

It is suggested that this construction has the effect of
rendering the jurisdiction of justices of the peace more ex-
tended than contemplated by the constitution, and makes that
jurisdiction trench upon the jurisdiction of superior courts,
it being provided by § 10, art. 4, of the constitution that
such jurisdiction, "shall not trench upon the jurisdiction of
superior or other courts of record."   We do not think this

trenches upon jurisdiction of superior courts, since this offense in no event is more than a misdemeanor, and superior courts are not given exclusive jurisdiction in cases of misdemeanor.  Section 6, art. 4, of the constitution provides that they shall have jurisdiction, "in all cases of misdemeanor not otherwise provided for by law."  Thus clearly contemplating that misdemeanors might be placed within the jurisdiction of justices of the peace or other courts.  We are of the opinion that the police justice was not without jurisdiction even conceding his jurisdiction could not have been greater than that of a justice of the peace.

It was finally contended that the superior court did not have power to fine the defendant a greater sum than he was fined by the police justice.  We think, in view of the fact that our law clearly contemplates a trial *de novo* in the superior court upon an appeal taken from a conviction before a police justice or justice of the peace, this contention is not well founded.  Upon such a trial in the superior court, that court proceeds with the case as though it were commenced there.  The question is not one of errors committed in the justice court, but there is involved only the question of the defendant's guilt or innocence, and if convicted the superior court renders judgment upon that conviction, not upon the conviction had in the justice court.

We conclude that the judgment should be affirmed.  It is so ordered.

MOUNT, CROW, and DUNBAR, JJ., concur.