[No. 16731.   Department One.   January 11, 1922.]

SOCIETY THEATRE *et al., Respondents,* v. THE CITY OF SEATTLE *et al., Appellants.*[1]

LOTTERIES — VIOLATION OF ORDINANCE — EVIDENCE — SUFFICIENCY. The elements of a lottery consisting of a consideration, a prize, and a chance, a theatre which distributes tickets to its patrons without any extra charge which entitles the holder to a chance for merchandise prizes in a drawing, by lot, is guilty of violating an ordinance prohibiting the sale or disposition of any property by chance, since there is an indirect consideration paid and received in the fact that the prizes attract persons to the theatre who would not otherwise attend.

MUNICIPAL CORPORATIONS (329) — POWERS — PENAL ORDINANCES — VALIDITY—CONFLICT WITH STATE LAW. A city ordinance with reference to lotteries is enforceable, though it may be broader and more inclusive than state statutes upon the same general subjects.

Appeal from a judgment of the superior court for King county, French, J., entered June 4, 1921, in favor of the plaintiffs, in an action for an injunction, tried to the court. Reversed.

*Walter F. Meier, George A. Meagher,* and *Ray Dumett,* for appellants.

*Eugene A. Childe,* for respondents.

BRIDGES, J.—Suit to enjoin officers of the city of Seattle and of the county of King from interfering with the plaintiffs in the conduct of a certain business. From a judgment adverse to them, the officials of the city of Seattle have appealed.

[1]Reported in 203 Pac. 21.

A part of the plaintiffs were representatives of a concern known as the Northwest Products Advertising Association, and the remainder were owners and operators of motion picture theatres in Seattle. The members of the association are various merchants, manufacturers, growers and the like, located in and about the city of Seattle. The purpose of the association is to advertise the products of its members. These members furnish it small quantities of their merchandise, manufactured products, and other like articles, to be given away. Those in the active charge of the association have made arrangements with various motion picture theatres whereby they permit it to distribute to the patrons of the theatres certain free tickets with numbers on them. These tickets are distributed by the association after the patrons have been admitted to the theatre in the usual manner. Following the regular performance, the association conducts a drawing by lot, and those holding the fortunate tickets receive a prize consisting of a sack of flour, or a can of a certain brand of fish, or other like article. The theatres have nothing to do with the giving out of the tickets, the drawing, or the distribution of the prizes, and they do not make any extra charge for admission to the theatre. It will thus be observed that the theatres have no direct connection with the distribution of the tickets or the prizes, and that the persons receiving them do not pay any direct consideration for them. After a preliminary hearing, the court made an order enjoining the defendants from interfering with the plaintiffs and their business, so long as such business is conducted in the manner aforesaid, and until the final disposition of the case. This order of the court further provided that the respondents should not be permitted to "advertise said drawings as a means of increasing the patronage of said theatres."

The city officials contend that the operations conducted by the respondents are in violation of an ordinance of the city of Seattle, which reads as follows:

"Section 24.   Lotteries:  It shall be unlawful for any person to open, conduct, maintain or carry on, or be in any manner connected with, any lottery or any establishment or business, by whatever name it may be known, wherein any property is sold or disposed of by chance, or to sell or dispose of any lottery ticket or share, whether for religious or secular purposes, or any chance, or any article or thing entitling, or purporting to entitle the purchaser to any chance, or to sell or dispose of any package or article purporting to contain a prize, or where, as an inducement to purchase, it is held out that such article or package may contain a prize or may entitle the purchaser to some article or thing of value not directly contemplated and known in the purchase."

The elements of a lottery are:  First, a consideration, second, a prize, and third a chance.  It needs no argument to show that the second and third elements appear in the business conducted by respondents.  But it is argued that the element of consideration does not appear because the patrons of the theatres pay no additional consideration for entrance thereto, and pay nothing whatever for the tickets which may entitle them to prizes.  But while the patrons may not pay, and the respondents may not receive, any direct consideration, there is an indirect consideration paid and received.  The fact that prizes of more or less value are to be distributed will attract persons to the theatres who would not otherwise attend.  In this manner those obtaining prizes pay considerations for them, and the theatres reap a direct financial benefit.  The mere fact that respondents are not permitted to advertise their drawings cannot remove the sting, because the scheme will advertise itself.  But aside from this line of argument, it is perfectly plain to us that the business of

respondents, carried on as it is, comes directly within the inhibition of the ordinance, because respondents are directly connected with a business where "property is sold or disposed of by chance." This ordinance is broad. It gives its own definition of a lottery, which is probably somewhat wider than the usual definition given by the dictionaries. The purposes of the association may be, and probably are, laudable, but the manner of carrying out those purposes is certainly prohibited by the ordinance.

But respondents contend that their business is not in violation of §§ 2464, 2465, and 2466 of Rem. Code (P. C. §§ 8965, 8966, 8967), with reference to lotteries, drawings and games of chance, and that the ordinance must not be construed as being broader or more inclusive than the statute. They do not, however, cite any authorities in support of this contention. This court, in a number of cases, has held that ordinances of this character may be enforced, even though they be broader and more inclusive than statutes upon the same general subjects. *Seattle v. Chin Let,* 19 Wash. 38, 52 Pac. 324; *Seattle v. MacDonald,* 47 Wash. 298, 91 Pac. 952, 17 L. R. A. (N. S.) 49; *State v. Hagimori,* 57 Wash. 623, 107 Pac. 855; *Seattle v. Hewetson,* 95 Wash. 612, 164 Pac. 234.

It is not, therefore, necessary for us to determine whether the business done by the respondents is in violation of the provisions of the sections of the statute above noticed. The city was threatening to enforce its ordinance, and it alone has appealed. The county officials have not appealed. The judgment is reversed and the case remanded for proceedings in accordance herewith.

PARKER, C. J., FULLERTON, MITCHELL, and TOLMAN, JJ., concur.