[No. 17259.    Department One.    May 13, 1922.]

THE STATE OF WASHINGTON, *on the Relation of George Sayles, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Mitchell Gilliam, Judge, et al., Respondents.*[1]

CERTIORARI (6)—WHEN LIES—ADEQUACY OF REMEDY BY APPEAL. Certiorari lies to review a judgment dismissing an action to enjoin the enforcement of an ordinance, where the relator would be subject to criminal prosecutions and prevented from continuing his business and would suffer considerable property loss during the pendency of an appeal, for which he could not recover.

CONSTITUTIONAL LAW (114)—PRIVILEGES AND IMMUNITIES—DUE PROCESS—LICENSES—REVOCATION—PROHIBITION OF BUSINESS. Const., Art. 1, §§1 and 3, and the fourteenth amendment of the Federal constitution, are not violated by a city ordinance providing for the licensing and regulation of pool and billiard halls, although no provision is made for hearing; and the refusal to grant a license upon the facts of a given case, passed upon by the city authorities, is not reviewable in the courts; in view of the harmful nature and tendency "often" attendant upon the operation of such places, and the necessity of restrictions in the effort to maintain good government.

Certiorari to review a judgment of the superior court for King county, Gilliam, J., entered April 17, 1922, dismissing an action for an injunction, upon sustaining a demurrer to the complaint. Affirmed.

*Carroll B. Graves* and *Guie & Halverstadt,* for relator.

*Walter F. Meier, Charles T. Donworth,* and *Hugh R. Fullerton,* for respondents.

[1]Reported in 206 Pac. 966.

HOVEY, J.—Certiorari to review a judgment of the superior court dismissing an action whereby the relator sought to enjoin the respondent city and its officials from enforcing an ordinance of the city providing for the licensing of pool and billiard halls. The judgment was entered after a demurrer had been sustained to relator's amended complaint and after there had been submitted affidavits in support of and opposed to the application.

The first question presented is the right of relator to a review by certiorari where an appeal also lies. It is alleged in the complaint that relator has an investment of $18,000 in his business, which he has operated for several years under a license from the city, his last license expiring January 25, 1922, and that the respondent city has arbitrarily refused him a renewal of his license, and respondent officials have caused his arrest for operating without a license, and threaten to continue so to do. The result of this action will prevent relator from further continuing his business until the appeal can be disposed of, and he will necessarily sustain considerable property loss. It is contended that relator will be without remedy as to such loss, under the decisions of this court in *Hotel Cecil Co. v. Seattle*, 104 Wash. 460, 177 Pac. 347; *Simpson v. Whatcom*, 33 Wash. 392, 74 Pac. 577, 99 Am. St. 951, 63 L. R. A. 815. We think that the facts of this case entitle the relator to this writ, if, as a matter of law, he is entitled to relief.

It is contended by relator that the ordinance in question is unconstitutional and that it violates §§ 1 and 3, of article I, of the constitution of this state and the fourteenth amendment of the constitution of the United States. The ordinance is number 20,740 of the respondent city (Seattle), passed in the year 1909, and provides for a license of $10 for each billiard and

pool table operated in the city. It forbids the operation of any such table without a license and provides that any license may be revoked. The license is secured by filing a petition with the city comptroller, who is required to report it to the city council, from which it is in turn referred to the committee on licenses and revenue, who are directed to "examine and consider said petition and may, in its discretion, investigate any of the matters set forth in said petition, and shall report its findings to the city council with its recommendations as to whether said petition be granted or rejected, and if said committee recommends that said petition be granted, it shall accompany said report by a proposed ordinance granting the license prayed for in said petition." By § 6 of the ordinance, the holder of any license is entitled to a notice and hearing before his license shall be revoked, but there is no provision in the ordinance for any hearing upon the original application.

Relator takes the position that he has a lawful business and that it is possible for the city, under this ordinance, to arbitrarily refuse him a license and destroy his business, and that it is, in fact, doing so in this case.

The standing of this business has been the subject of some conflict in judicial opinion. Under some of the older authorities the power of the municipality is recognized to regulate and control, but the power to prohibit has been denied. In *Tanner v. Trustees of Albion,* 5 Hill (N. Y.) 121, 40 Am. Dec. 337, the following language is used:

"Not that the law discountenances innocent relaxation; but because it has become matter of general observation that, when gainful establishments are allowed for their promotion, such establishments are usually perverted into nurseries of vice and crime."

While it is not necessary to so far adopt the view there expressed as covered by the word "usually," we think it cannot be denied that, under modern conditions, the word "often" can be justifiably used; and there is the further fact that the excitement naturally engendered by games easily leads to gambling, and where the attractions of a club are afforded without any restriction on attendance, the effect upon boys and young men is especially injurious. Since the abolition of the saloon the billiard halls, with their attendant card tables, are the natural gathering place for the elements of society which prey off their fellow men, and while they are no doubt often properly conducted, they give the municipal authorities much concern in their efforts to maintain good government.

It is not necessary to pass upon the merits with respect to the showings made in the present application, but it is alleged, and not denied, that the business in question is situated one block from the campus of the University of Washington, and the welfare of many hundreds of young men is involved. It is claimed in the affidavits that many minors seventeen years of age and upwards are allowed to gamble and smoke in the relator's place of business contrary to the provisions of § 2445, Rem. Comp. Stat., and that such practice has been followed for several years. This is denied by the relator and his employees, but the fact is one to be passed upon by the respondent city and is not subject to review by the courts. In *State ex rel. Aberdeen v. Superior Court*, 44 Wash. 526, 87 Pac. 818, it was held that the city council acted as a legislative body in revoking a saloon license, and though its method of reaching such determination might be of a judicial nature, its action was not reviewable by the courts. There was no provision for a hearing and none

was had. The principle of this case was followed in *State ex rel. Puyallup v. Superior Court,* 50 Wash. 650, 97 Pac. 778, and we consider this principle applicable here.

The contention that the ordinance is violative of the fourteenth amendment of the Federal constitution is fully covered by *Murphy v. People of State of California,* 225 U. S. 623, 32 S. Ct. 697, 41 L. R. A. (N. S.) 153:

"The Fourteenth Amendment protects the citizen in his right to engage in any lawful business, but it does not prevent legislation intended to regulate useful occupations which, because of their nature or location, may prove injurious or offensive to the public. Neither does it prevent a municipality from prohibiting any business which is inherently vicious and harmful.

"That the keeping of a billiard hall has a harmful tendency is a fact requiring no proof, and incapable of being controverted by the testimony of the plaintiff that his business was lawfully conducted, free from gaming or anything which could affect the morality of the community or of his patrons. The fact that there had been no disorder or open violation of the law does not prevent the municipal authorities from taking legislative notice of the idleness and other evils which result from the maintenance of a resort where it is the business of one to stimulate others to play beyond what is proper for legitimate recreation."

In *County of Los Angeles v. Hollywood Cemetery Ass'n,* 124 Cal. 344, 57 Pac. 153, 71 Am. St. 75, the court said:

"It is only where a business is lawful and has no injurious tendency that the governing body cannot say who shall and who shall not exercise the right itself."

Relator relies upon *Yick Wo v. Hopkins,* 118 U. S. 356. This is the laundry case and dealt with an attempt by the city to regulate a business which was not

inherently harmful or injurious to public morals, and is distinguished in *Crowley v. Christensen,* 137 U. S. 86.

Many more cases are cited by relator, but they nearly all relate to business to which the same distinction is applicable. One case, however, is cited, *Devereaux v. Township Board of Genesee Township,* 211 Mich. 38, 177 N. W. 967, which holds an act of the legislature of that state unconstitutional because it contained no provisions for standards of fitness, etc., as a prerequisite to the issuance of a license for dance halls, soft drink places and pool and billiard halls, but conferred arbitrary power to grant or refuse a license. The body which was authorized to issue the license in that case was a township board and it is possible that a distinction may be drawn between a body of that character and a city with the broad powers of original legislation given by our constitution and laws. But if it be considered as supporting relator's contention in this case we decline to follow it in view of the principle adopted.

Relator cites our decisions in *Seattle v. Gibson,* 96 Wash. 425, 165 Pac. 109, and *State ex rel. Makris v. Superior Court,* 113 Wash. 296, 193 Pac. 845. The first case involved a drug store and the second one a soft drink place, and are not apposite. In the latter case the present question was expressly reserved.

The judgment is affirmed.

PARKER, C. J., MITCHELL, TOLMAN, and BRIDGES, JJ., concur.