[No. 18539. Department One. September 4, 1924.]

THE STATE OF WASHINGTON, *Respondent*, v. JOE
LARKIN, *Appellant*.[1]

JURY (45)—CHALLENGES—HARMLESS ERROR. Where accused was
accorded a trial by fair and impartial jurors, he cannot complain of
the action of the court in sustaining challenges by the state to
jurors because of their prejudice against the testimony of hired and
paid investigators.

INTOXICATING LIQUORS (49)—PROSECUTIONS—LIQUOR IN POSSESSION
—EVIDENCE—ADMISSIBILITY. In a liquor prosecution, it is not ground
for objection that the liquor in evidence had not been in the custody
of an officer, where it was otherwise sufficiently identified.

MUNICIPAL CORPORATIONS (329)—POWERS—PENAL ORDINANCES—
CONFLICT WITH STATE LAW. Under its power to pass ordinances not
in conflict with the laws of the state or of the United States, and
to impose fines and fix the penalty for violations thereof, a city of
the third class may enact and enforce ordinances relating to the
liquor traffic, notwithstanding the same acts are punishable under
the general law of the state.

Appeal from a judgment of the superior court for
Kittitas county, Griffiths, J., entered May 25, 1923,
upon a trial and conviction of the unlawful possession
of intoxicating liquor. Affirmed.

*Snively & Bounds,* for appellant.
*F. A. Kern,* for respondent.

TOLMAN, J.—The appellant, Joe Larkin, was charged
by a complaint entitled: "In the police court of the
city of Ellensburg, county of Kittitas, state of Wash-
ington, before F. E. Craig, police justice," with having
intoxicating liquor in his possession, "with intent to
sell the same contrary to Ordinance No. 782, and
amendments thereto of the said city of Ellensburg, and
against the peace and dignity of the state of Washing-
ton," etc.

[1]Reported in 228 Pac. 289.

What, if anything, was done with the case in the police court, or how it reached the superior court, the record brought here does not disclose; but, except as hereinafter shown, no point is raised on this appeal touching anything preceding the examination of prospective jurors in the superior court.

When reached for trial in the superior court, it appears that this case was the last of a number of liquor cases on the calendar, and that most of the jurors then in attendance had either sat in the liquor cases previously tried, or been examined therein to an extent familiarizing them with the fact that, in the whole series of cases, the prosecution was relying largely upon the testimony of certain hired and paid investigators, and that to a considerable extent the witnesses, the methods of the investigators, and perhaps other matters as well, were common to all of these cases. The jury box being filled, the prospective jurors were examined on their *voir dire* by the prosecuting attorney, who propounded to each questions substantially as follows:

"Are you conscious of any prejudice in your mind against testimony of paid detectives that are brought in to obtain evidence in liquor cases?"

Receiving an affirmative answer, the prosecutor proceeded:

"Is that prejudice so strong that you would require corroborative evidence in order to convict?"

This being answered in the affirmative, the juror was challenged for cause. The defense in each instance resisted the challenge, the trial court sustained it and excused some ten prospective jurors on this showing, and these rulings are the basis of the first error assigned.

The authorities are not uniform upon the question

of the propriety of inquiring into such matters, and while it would be interesting to consider the various authorities from other jurisdictions and work out a solution of that question, that course is not necessary in this case and must be postponed to some future time. We say it is unnecessary to consider and answer that question because each prospective juror so challenged was excused and did not sit in the case, and it is the settled law of this state that a litigant has no right to have his case tried by any particular juror or jurors, and his only right in that respect is to have his case submitted to a fair and impartial jury. Of course, it is easy to be seen that, while the state was endeavoring to excuse the jurors prejudiced against the testimony of detectives, the defense was directly or indirectly seeking jurors so inclined. A lack of success in that respect was not, in any event, a denial of a right, and if twelve fair and impartial jurors were obtained, and there is no contention to the contrary, then the rights of the accused were fully accorded him. The general rule is stated in 16 R. C. L., p. 291, as follows:

"A trial by an impartial jury being all that a party can demand, it is a general rule that the erroneous allowance of a challenge for cause is no ground of complaint where a competent and unbiased jury was finally selected."

We have in effect adopted this rule in *State v. Straub,* 16 Wash. 111, 47 Pac. 227, and still more markedly done so in *Creech v. Aberdeen,* 44 Wash. 72, 87 Pac. 44, 12 Ann. Cas. 370.

We find no error in the introduction in evidence of liquor which had been in the custody of one other than an officer. The identification appears to have been sufficient, and that is the only essential. The law does not require the custody to be maintained by an officer or any particular person.

The assignment of error based upon the ruling of the court as to the admissibility of evidence sought to be brought out by the cross-examination of the witness Swearingen is without merit. The court advised counsel that he might inquire into anything connected with the case on trial. If that suggestion had been properly followed out all competent testimony would have been elicited.

The errors assigned upon the sustaining of objections to certain parts of the cross-examination of the witnesses Bowen and Eadon are equally without merit and need not be discussed.

Finally, upon oral argument in this court, the right of the city of Ellensburg, a city of the third class, to enact the ordinance under which this prosecution was commenced is attacked, both generally and specifically, upon the ground that the penalty provided by the ordinance and here inflicted is in excess of that provided by the statute. It does seem that the Federal and state laws, if enforced, should be sufficient, and that by adding law to law covering the same offense only confusion can result. So that, if this were an open question in this state, we would be inclined to consider it seriously. But it is no longer an open question. Rightly or wrongly, it has been set at rest by our decision in *State v. Hagimori*, 57 Wash. 623, 107 Pac. 855, where both general and specific objections here raised are answered in the following language:

"It is argued that the ordinance is void because it provides for the punishing of the doing of acts which are punishable under the general law of the state. We are cited to § 2925 of Rem. & Bal. Code where substantially the same acts are made punishable by a fine not exceeding $100. The power of cities of the third class, to which class Bremerton belongs, to enact ordinances of this nature is found in Rem. & Bal. Code as follows:

" 'Sec. 7685. The city council of such city shall have power,

" '(1) To pass ordinances not in conflict with the constitution and laws of this state or of the United States; . . .

" '(16) To impose fines, penalties and forfeitures for any and all violations of ordinances, and for any breach or violation of any ordinance to fix the penalty by fine or imprisonment, or both, but no such fine shall exceed three hundred dollars nor the term of such imprisonment exceed the term of three months; .

" '(21) To make all such ordinances, by-laws, rules, regulations and resolutions, not inconsistent with the constitution and laws of the state of Washington, as may be deemed expedient to maintain the peace, good government and welfare of the corporation and its trade, commerce and manufactures, and to do and perform any and all other acts and things necessary or proper to carry out the provisions of this chapter, and to exact and enforce within the limits of such city all other local, police, sanitary and other regulations as do not conflict with the general laws.'

"We think by this grant of power under our former decisions the city was authorized to enact this ordinance, notwithstanding it made punishable certain acts which are also punishable under the general law of the state, and that the city was not required to make the punishment within the limit of that prescribed by the general law. It could fix the punishment at any amount of fine or term of imprisonment within the limits prescribed by subd. 16 above quoted. *Seattle v. Chin Let,* 19 Wash. 38, 52 Pac. 324; *Seattle v. Mac-Donald,* 47 Wash. 298, 91 Pac. 952, 17 L. R. A. (N. S.) 49. The only contention here made is that the subject matter of this ordinance was outside of the ordinance-making power of the city, because of the state law upon the subject, not that it would be outside the police power of the city under the general grant of power above quoted, in the absence of the state law making such acts punishable."

See, also, *Detamore v. Hindley,* 83 Wash. 322, 145 Pac. 462; *State v. Lovelace,* 118 Wash. 50, 203 Pac. 28; *In re Sound Transit Co.,* 119 Wash. 684, 206 Pac. 931.

Finding no reversible error, the judgment appealed from is affirmed.

MAIN, C. J., HOLCOMB, and MACKINTOSH, JJ., concur.

PARKER, J. (concurring)—I concur in the result reached in the foregoing opinion only because of the rule of *stare decisis.* I am, however, ready to overrule our former decisions in so far as they seem to hold that a city can punish for exactly the same acts which the state criminal law makes punishable, if a majority of the court will agree with me. The logic of some of our former decisions seems to be that one may be twice punished for the same act if it happens to be punishable under both the state criminal law and a city ordinance. The state and the city are not in any sense two separate sovereigns, as are in a sense the state and the Nation. The reason that will support this conviction under a city ordinance will also support a conviction of robbery or burglary under a city ordinance, should the city assume to provide punishment for such offenses.