[No. 21472. Department Two. April 23, 1929.]

E. BRENNAN *et al., Appellants,* v. THE CITY OF SEATTLE, *Respondent.*[1]

[1]Reported in 276 Pac. 886.

*Baxter, Jones & Hughes,* for appellants.

*Thomas J. L. Kennedy, A. C. Van Soelen,* and *Charles L. Smith,* for respondent.

*Trefethen & Porterfield, amici curiae.*

PARKER, J.—The plaintiffs, Brennan and Leach, owners of a large number of automatic cigarette vending machines in Seattle, sought injunctive relief in the superior court for King county, restraining the city and its officers from enforcing its ordinance which makes it unlawful to vend cigarettes by the use of such machines or to install such machines for that purpose. The plaintiffs' complaint was demurred to by the city upon the ground of insufficient facts to entitle them to injunctive relief. The demurrer being by the court sustained, and the plaintiffs electing to stand upon their complaint and not plead further, the court rendered final judgment dismissing the action, from which the plaintiffs have appealed to this court.

The city authorities of Seattle duly enacted an ordinance which, if valid as to subject-matter, is now in force, reading, in so far as we need here notice its provisions, as follows:

"Section 1. It shall be unlawful for any person, firm, company, corporation or other agency to vend or sell cigarettes, cigars or tobacco by the use of any automatic vending machine, or to set up or install any such machine with intent to vend or sell cigarettes, cigars or tobacco by such method.

"Section 2. Any person, firm, company, corporation or other agency violating any of the provisions of

section 1 hereof, shall, upon conviction, be fined in any sum not exceeding three hundred dollars ($300), or imprisoned in the city jail for a term not exceeding ninety (90) days, or may be both fined and imprisoned.

"Section 3. Whereas, the vending or selling of cigarettes, cigars or tobacco by the use of automatic vending machines would permit minor children to procure such products at will, the sale or giving away of which to minor children is prohibited by law, . . ."

We quote the recital in § 3 merely as showing the city's recognition of the evil tendency of the operation of such vending machines and the purpose in passing the ordinance. Thus, there is immediately brought to our attention the basis upon which the validity of the ordinance is to be rested.

The controlling facts, as we view this case, may be summarized from the allegations of the complaint as follows: Appellants own a large number of automatic cigarette vending machines, each of which is described in the complaint as

"An ornamental time saving device designed to serve customers automatically desiring cigarettes, upon depositing the right amount of money therein."

They are approximately 12 by 16 by 30 inches in size, and are intended to be placed in conspicuous places where they may be used by those desiring to make purchases of cigarettes without being waited upon by another person. Appellants have installed a number of these machines in the city in stores where cigars, cigarettes and tobacco are sold. Other facts are alleged in the complaint with a view of showing that appellants are not guilty, and will not be guilty, of violating the terms of the ordinance, even if the ordinance be valid.

It seems that the property interests of appellants, threatened to be impaired by the enforcement

of this ordinance, are such as to make injunctive relief available to them as a remedy if the ordinance is, for any constitutional or statutory reason, invalid. *State ex rel. Sayles v. Superior Court,* 120 Wash. 183, 206 Pac. 966.

It seems to us equally plain that appellants are not entitled to injunctive relief upon a showing that they are not guilty and will not be guilty of violation of the provisions of the ordinance, if it be a valid ordinance. In the text of 2 High on Injunctions (4th ed.), § 1244, it is said:

"Equity will not enjoin prosecutions under municipal ordinances upon the ground that complainant is not guilty of their violation, since such defense may be raised at law."

The author cites in support of this statement: *Ludlow & C. Coal Co. v. City of Ludlow,* 102 Ky. 354, 43 S. W. 435, and *Shoemaker v. Entwisle,* 3 App. D. C. 252. No decisions holding to the contrary have come to our attention. The manifest soundness of the rule probably accounts for the small number of decisions touching the question.

Contention is made in behalf of the appellants that the enactment and enforcement of this ordinance is an unconstitutional exercise of the police power. Our decisions render it plain that the local police power of the cities of the first class, to which class Seattle belongs, is, by constitution and general statutory grant, the same as the police power of the state, except as restricted by legislative enactment. *Bungalow Amusement Co. v. Seattle,* 148 Wash. 485, 269 Pac. 1043.

We think it may be safely said that any business or activity, the operation of which, in some particular manner, has potential influences, detrimental

morally or otherwise, to the public, is subject to regulation, to the end that the potential, detrimental influence be removed. This, in substance, is the theory upon which the decisions of this court are rested in the following cases: *State ex rel. Sayles v. Superior Court,* 120 Wash. 183, 206 Pac. 966, concerning pool and billiard halls; *Asakura v. Seattle,* 122 Wash. 81, 210 Pac. 30, concerning pawnbrokers; *Manos v. Seattle,* 146 Wash. 210, 262 Pac. 965, and *Bungalow Amusement Co. v. Seattle,* 148 Wash. 485, 269 Pac. 1043, concerning dance halls. Our legislature manifestly proceeded upon this theory when it enacted ch. 17, Laws of 1919, p. 42, now Rem. Comp. Stat., § 2445, reading in part as follows:

"Every person who . . .

"(4) Shall sell or give, or permit to be sold or given to any person under the age of twenty-one years any intoxicating liquor, cigar, cigarette, cigarette paper or wrapper, or tobacco in any form; . . .

"Shall be guilty of a gross misdemeanor."

When we consider the generally recognized detrimental effect upon minors by their use of cigarettes and tobacco, it hardly needs serious argument to demonstrate that the police power is not so limited as to prevent legislation looking to the prevention of the sale of cigarettes and tobacco to minors.

We are clearly of the opinion that legislation of the nature of this ordinance, and its enforcement as a penal ordinance, does not violate any right guaranteed by the state or Federal constitution. We have not overlooked some observations made in our decision in *Seattle v. Dencker,* 58 Wash. 501, 108 Pac. 1086, 137 Am. St. 1076, 28 L. R. A. (N. S.) 446, seemingly out of harmony with this view. That decision dealt with a license tax purely as a revenue measure, and the ordinance in question was held invalid as a revenue

measure because of undue discrimination. The question of regulation as a police measure was not considered.

It is further contended in behalf of appellants that, by the enactment of the above quoted provisions of ch. 17, Laws of 1919, p. 42, being Rem. Comp. Stat., § 2445, all police power, with reference to the sale of cigarettes and tobacco in other forms, is withdrawn from the city. It may be conceded that the legislature may withdraw such power from the city and take it entirely out of the realm of local police regulations, but it seems to us that this statute does not do so. Plainly, it does not do so in terms, and we think it does not inferentially do so, and thereby prevent the city from enacting and enforcing an ordinance, such as this, looking to the prevention of some particular method of violating the statute, which becomes or threatens to become common. The ordinance looks to the better observance of the state law. The following of our decisions, we think, render it plain that the ordinance is not in conflict with the state law, and hence its enactment and enforcement is within the police power of the city: *Bellingham v. Cissna,* 44 Wash. 397, 87 Pac. 481; *Seattle v. MacDonald,* 47 Wash. 298, 91 Pac. 952, 17 L. R. A. (N. S.) 49; *State v. Hagimori,* 57 Wash. 623, 107 Pac. 855; *In re Ferguson,* 80 Wash. 102, 141 Pac. 322; *Hiscock v. Phinney,* 81 Wash. 117, 142 Pac. 461, Ann. Cas 1916E 1044; *Allen v. Bellingham,* 95 Wash. 12, 163 Pac. 18; *Seattle v. Hewetson,* 95 Wash. 612, 164 Pac. 234; *Society Theatre v. Seattle,* 118 Wash. 258, 203 Pac. 21; *State v. Larkin,* 130 Wash. 531, 228 Pac. 289.

The judgment is affirmed.

MITCHELL, C. J., MAIN, MILLARD, and FRENCH, JJ., concur.