[No. 24813. Department One. August 24, 1935.]

THE CITY OF SEATTLE, *Appellant*, v. H. E. PROCTOR, *Respondent*.[1]

[1]Reported in 48 P. (2d) 241.

*A. C. Van Soelen, John A. Logan,* and *C. V. Hoard,* for appellant.

*Eimon L. Wienir* and *Preston, Thorgrimson & Turner,* for respondent.

GERAGHTY, J.—The respondent was convicted in the police court of the city of Seattle of a violation of §§ 3, 4(a) and 4(b) of ordinance No. 43475 of that city as amended by ordinance No. 51632. He appealed to the superior court of King county and, before trial, interposed a demurrer to the complaint, which was sustained by the trial court, and a judgment entered dismissing the action. The city appeals.

The sections of the ordinance under which the respondent was charged follow:

"Section 3. It shall be unlawful to advertise any goods, wares, or merchandise, securities, service, real estate or any other thing offered by such person, directly or indirectly, to the public for sale or distribution by making or employing any assertion, representation or statement of fact which is untrue, deceptive or misleading.

"Section 4(a). It shall be unlawful in advertising for sale any goods, wares or merchandise, or securities or real estate, to use in connection with the word 'value,' or any synonymous term, any word or figure as thus used, falsely or fraudulently conveying, or intending to convey, a meaning that the thing so advertised is intrinsically worth more than, or previously sold in Seattle for a price higher than, the price so presently advertised.

"Section 4(b). It shall be no defense to a prosecution under Section 4(a) that the advertisement upon which the prosecution is based represents the opinion of the accused as to value, unless it is clearly stated in such advertisement that the representation as to value therein contained is a matter of opinion and not a statement of fact. The words 'value' and 'worth' as used in this and the foregoing Section 4(a) shall each respectively be held and construed to mean the prevailing market price at which a thing is regularly sold in Seattle."

The complaint charges respondent with a misdemeanor under two counts. The first count charges the violation of §§ 4(a) and 4(b), in that respondent

"Then and there being the said defendant did wilfully and unlawfully in advertising for sale goods, wares or merchandise consisting of women's coats use in connection with the word 'values' the words and figures, to-wit:

" 'We guarantee every one of these Coats to be a $59.50 Coat. About 50 of these Coats are $100 coats. These are positively the most remarkable Coat values you have ever had the privilege of buying for so little money in all your life. . . . Remember, $59.50 Coats and $100 Coats, every one of them for exactly $29.85,' thereby falsely and fraudulently conveying, and intending to convey, a meaning that each and every of the said coats so advertised were intrinsically worth either the said sum of Fifty-nine and 50/100 ($59.50) Dollars, or One Hundred ($100.00) Dollars, or previously sold in Seattle for either or both of said sums; whereas, in truth and in fact, certain of such coats so advertised were each intrinsically worth substantially less, or previously sold in Seattle for substantially less, than the sum of Fifty-nine and 50/100 ($59.50) Dollars. . . ."

The second count, based upon § 3, sets out the same advertisement and charges that the respondent

"Then and there being the said defendant did wilfully and unlawfully advertise goods, wares or mer-

chandise consisting of women's coats to the public for sale in words and figures as follows:

" 'We guarantee every one of these coats to be a $59.50 Coat. About 50 of these Coats are $100 Coats. These are positively the most remarkable Coat values you have ever had the privilege of buying for so little money in all your life. . . . Remember, $59.50 Coats and $100 Coats, every one of them for exactly $29.85;' and therein made or employed the untrue, deceptive or misleading assertion, representation or statement, namely, 'About 50 of these Coats are $100 Coats' in reference to said women's coats; that said assertion, representation or statement was, and is, untrue, deceptive and misleading in this: That certain of said coats so advertised to be One Hundred ($100.00) Dollar coats were at said time worth substantially less than One Hundred Dollars each; and further therein made or employed the untrue, deceptive or misleading assertion, representation or statement, namely, 'Remember, $59.50 Coats and $100 Coats' in reference to said women's coats so advertised; that said assertion, representation or statement was, and is, untrue, deceptive and misleading in this: That certain of said coats so advertised were at said time worth substantially less than either the sum of Fifty-nine and 50/100 ($59.50) Dollars or One Hundred ($100.00) Dollars, . . .''

The judgment recites that the court sustained the demurrer on the ground that the complaint was insufficient to state an offense.

■■■ The only serious challenge made by the respondent to the validity of the sections of the ordinance under which he is prosecuted is that this type of regulation has been preempted by the state by the passage of chapter 34, Laws of 1913, p. 91 (Rem. Rev. Stat., § 2622-1 [P. C. § 8886]), which makes unlawful, and subject to penalty, untrue, deceptive and misleading advertisements.

This contention is without merit.

"The fact that there is state legislation relating to the sale of intoxicating liquor does not deprive the city of the power to legislate upon the same subject, so long as the city ordinance does not conflict with the general law of the state, unless the state act should show, upon its face, that it was intended to be exclusive." *Seattle v. Hewetson,* 95 Wash. 612, 164 Pac. 234.

In *Society Theatre v. Seattle,* 118 Wash. 258, 203 Pac. 21, this court said:

"But respondents contend that their business is not in violation of §§ 2464, 2465, and 2466 of Rem. Code (P. C. §§ 8965, 8966, 8967), with reference to lotteries, drawings and games of chance, and that the ordinance must not be construed as being broader or more inclusive than the statute. They do not, however, cite any authorities in support of this contention. This court, in a number of cases, has held that ordinances of this character may be enforced, even though they be broader and more inclusive than statutes upon the same general subjects. *Seattle v. Chin Let,* 19 Wash. 38, 52 Pac. 324; *Seattle v. MacDonald,* 47 Wash. 298, 91 Pac. 952, 17 L. R. A. (N. S.) 49; *State v. Hagimori,* 57 Wash. 623, 107 Pac. 855; *Seattle v. Hewetson,* 95 Wash. 612, 164 Pac. 234."

Assuming, then, the validity of the quoted sections of the ordinance, we inquire whether the complaint is sufficiently definite to charge the respondent with an offense under them. The appellant argues that, as drawn, the complaint charges the offense in the language of the ordinance, and cites numerous cases from this and other courts to sustain its contention that this is a sufficient compliance with the rules governing criminal pleading.

In *State v. Randall,* 107 Wash. 695, 182 Pac. 575, the court said:

"It is undoubtedly the rule in this jurisdiction that it is sufficient, in charging a crime, to follow the language of the statute, where such crime is there defined

and the language used is sufficient to apprise the accused, with reasonable certainty, of the nature of the accusation, so that he may be able to avail himself of his acquittal or conviction as a protection against further prosecutions for the same offense.''

The cases cited by appellant either expressly or impliedly emphasize the principle expressed in this quotation, that the language employed must be sufficient to apprise the accused, with reasonable certainty, of the nature of the accusation, so that he may be able to avail himself of his acquittal or conviction as against further prosecution for the same offense. He is entitled to have the nature of the accusation against him sufficiently stated for the further reason that he may be enabled to prepare his defense.

In *United States v. Simmons*, 96 U. S. 360, the court quotes the rule laid down by Bishop in his work on Criminal Procedure, § 611, to the effect that,

''Where the offense is purely statutory, having no relation to the common law, it is, 'as a general rule, sufficient in the indictment to charge the defendant with acts coming fully within the statutory description, in the substantial words of the statute, without any further expansion of the matter.' ''

The court then comments as follows:

''But to this general rule there is the qualification, fundamental in the law of criminal procedure, that the accused must be apprised by the indictment, with reasonable certainty, of the nature of the accusation against him, to the end that he may prepare his defense, and plead the judgment as a bar to any subsequent prosecution for the same offense. An indictment not so framed is defective, although it may follow the language of the statute.''

In *State v. Carey*, 4 Wash. 424, 30 Pac. 729, this court had under consideration the sufficiency of an indictment for the unlawful practice of medicine. In the

course of its opinion, written by Judge Dunbar, the court said:

". . . it seems to us that the requirements of our statute are not met by this indictment, for while our statute happily does away with many of the technical refinements which needlessly hampered and retarded the administration of justice under the common law practice, it has not gone to the other extreme of forcing a man to trial without informing him of the crime he is charged with committing. But it has substituted for such technical refinements the simplicity of a statement of facts. The code requires that the indictment *must* contain: *First,* The title of the action, specifying the name of the court in which the indictment is presented, and the name of the parties; *second,* a statement of the acts constituting the offense in ordinary and concise language, etc., *not the name of the offense, but a statement of the acts constituting the offense.* These are mandatory provisions, and the second requirement of the 'statement of acts constituting the offense' is just as important and essential as the first requirement that the indictment must contain the title of the action and the name of the parties."

In *State v. Wohlmouth,* 78 W. Va. 404, 89 S. E. 7, where there was under consideration an indictment based upon a statute of the state of West Virginia somewhat similar to the ordinance here involved, the court, in the course of its opinion holding the indictment insufficient, said:

"The object of an indictment is two-fold. It must furnish a description of the offense charged, so that the accused may know what he is required to answer, and prepare for his defense, and, if convicted or acquitted, avail himself of the judgment upon another prosecution for the same offense. The further object is to give such information as will enable the court to determine, when required, whether the facts alleged are sufficient to support a conviction, and to impose sentence therefor, should one result from the trial of the case. For these purposes, facts, not conclusions of law, must be stated."

It will be noted that the respondent is not accused of having made any sale induced by deceit or misrepresentations, nor is it charged that the coats advertised were not worth the price at which they were offered. The gravamen of the charge is deceit and misrepresentation in the advertisement, the deceit and misrepresentation consisting in the fact that, while the respondent advertised all the coats offered for $29.85 as $59.50 and $100 coats, some of the coats were of a value less than $59.50 or $100. The complaint does not apprise the respondent of the particular coats among those advertised by him charged to be worth less than $59.50 or $100. It may reasonably be assumed that the stock offered embraced many coats. The respondent is left in the dark as to which of these is covered by the complaint. The complaint does not charge that all of the coats were intrinsically worth less, or had theretofore been offered for less, but that some of them were intrinsically worth less. From the complaint it might be inferred that some of them might be intrinsically worth the sums stated.

It might be argued that the indefinite language employed in the complaint was required by the necessities of the case, since the appellant could not know which of the coats were of the lesser intrinsic value, while the respondent possessed this knowledge. But this difficulty was the appellant's problem, which it could not avoid by shifting to respondent the burden of practically proving his own innocence. Many illustrations of this vice of the complaint will readily occur. Let us suppose a public officer, whose duty it is to collect and account for various items of money, is, upon a suspicion that he has misapplied some of the funds, charged in a criminal information with having misappropriated to his own use "certain" of the items, without further specification. Would anyone argue

that such an information was good, even though embezzlement was otherwise charged in the language of the statute?

In *State v. Krug,* 12 Wash. 288, 41 Pac. 126, a city treasurer was indicted for the unlawful use of money of the city entrusted to him by making a profit out of it, in violation of statute, which provided:

"If any state, county, township, city, town, village or other officer elected or appointed under the constitution or laws of this state, . . . shall, in any manner not authorized by law, use any portion of the money entrusted to him for safe keeping, in order to make a profit out of the same, or shall use the same for any purpose not authorized by law, he shall be deemed guilty of a felony, . . ."

The indictment charged that Adolph Krug, being treasurer of the city of Seattle,

". . . was then and there, by virtue of his said city office, entrusted with a sum and amount of $10,000 in lawful money, for safe-keeping, the same being public money belonging to and the property of the said city of Seattle, and which said money was under the care, custody and control of the said Adolph Krug as such officer and city treasurer as aforesaid; and the said Adolph Krug, officer and city treasurer as aforesaid, on the 2d day of July, 1892, in said King county, State of Washington, unlawfully, feloniously and in a manner not authorized by law, did use the said $10,000 public money as aforesaid, of the value of $10,000 in lawful money, in order to make a profit out of the same, and for purpose then and there not authorized by law, . . ."

It will be noted that the defendant was charged with the receipt of ten thousand dollars of public funds and the unlawful use of all of it, unlike the complaint here where only "certain" of the articles advertised are charged to have been misrepresented.

The court upheld this indictment only because of a

special provision relaxing the general statutory rules of criminal pleading in respect of this crime, saying:

"There is no question but that, as a general proposition of law under the ordinary statutes and under the common law requirements, this indictment would not be sufficient, and the case of *State v. Carey, supra* [4 Wash. 424, 30 Pac. 729], was based upon the provisions of our statute and the general provisions of law in relation to criminal procedure. But that case, with all cases of similar character, is not in point here for the reason that our statute especially provides that the ordinary requirements of an indictment may be omitted from indictments for this particular crime, § 58 of the Penal Code providing that:

" 'In prosecutions for the offenses named in the next preceding section, [the section under which this indictment was brought], it shall be sufficient to allege generally, in the information or indictment, that any such officer . . . has made profit out of the public money in his possession or under his control, or has used the same for any purpose not authorized by law, to a certain value or amount, *without specifying any further particulars in regard thereto;* and on the trial evidence may be given of all the facts constituting the offense and defense thereto.'

"So it will be seen that this statute carries the indictment in this case beyond the pale of the common law or the ordinary provisions for criminal pleadings in statutes; . . ."

If it be thought the standard by which we test the sufficiency of the complaint is technical, the answer is that the ordinance creates a technical misdemeanor, and the appellant must conform to technical rules in its enforcement.

We think the trial court correctly sustained the demurrer to the complaint, and its judgment is affirmed.

MILLARD, C. J., TOLMAN, BEALS, and MAIN, JJ., concur.